**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Donald Lee ACKLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 2012.
Filed Dec. 18, 2012.

Grace D'Alo, Carlisle, for appellant.

Charles Volkert, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

OPINION BY LAZARUS, J.

Donald Lee Ackley appeals from the order of the Court of Common Pleas of Cumberland County denying his petition for exemption from the provision of Megan's Law requiring internet posting of photographs and information regarding lifetime registrants. *See* 42 Pa.C.S. § 9798.1. For the reasons that follow, we affirm.

On February 7, 1986, Ackley pled guilty to rape, and on March 18, 1986, the court sentenced him to a term of five to fifteen years' imprisonment. After completing his maximum sentence, Ackley was released from prison on January 1, 2001.[1]

In 1996, during Ackley's incarceration, Megan's Law I went into effect, imposing a ten-year reporting and registration requirement for individuals convicted of rape.[2] On June 9, 2000, Megan's Law II went into effect, requiring lifetime registration for individuals convicted of rape.[3]

On January 24, 2005, four years after Ackley was released from prison, Megan's Law III went into effect, adding, *inter alia*, the following provision:

§ 9798.1 **Information made available on the Internet and electronic notification**

(a) **Legislative findings.**—It is hereby declared to be the finding of the General Assembly that public safety will be enhanced by making information about sexually violent predators, lifetime registrants and other sex offenders available to the public through the Internet and electronic notification. Knowledge of whether a person is a sexually violent predator, lifetime registrant or other sex offender could be a significant factor in protecting oneself and one's family members, or those in care of a group or community organization, from recidivist acts by sexually violent predators, lifetime registrants and other sex offenders. The technology afforded by the Internet and electronic notification would make this information readily accessible to

1. Although Ackley was sentenced on March 18, 1986, he was given credit on the sentence from November 3, 1985.

2. 42 Pa.C.S. § 9793, repealed effective July 9, 2000.

3. 42 Pa.C.S. § 9795.1(b)(2)(i).

parents and private entities, enabling them to undertake appropriate remedial precautions to prevent or avoid placing potential victims at risk. Public access to information about sexually violent predators, lifetime registrants and other sex offenders is intended solely as a means of public protection and shall not be construed as punitive.

42 Pa.C.S. § 9798.1(a).

After his release from prison, Ackley married and became a father. For the past seven years he has been legally blind as the result of a hereditary disease. Because of the internet publication of information regarding his lifetime registrant status, Ackley "struggles with constant evictions and harassment by the community while attempting to raise his son and protect his marriage." Trial Court Opinion, 10/11/11, at 2.

In September 2008, Ackley pled guilty to violating Section 4915(a) of the Crimes Code, 18 Pa.C.S. § 4915(a) (failure to comply with registration of sexual offenders requirements) and was sentenced to probation. N.T. 8/17/11, at 7. On January 21, 2009, Ackley filed a *pro se* petition seeking exemption from application of the internet posting requirements of Megan's Law III. Shortly thereafter, on January 29, 2009, he again pled guilty to violating Section 4915(a) of the Crimes Code, and was sentenced to three years' probation.[4]

On June 16, 2009, the trial court denied Ackley's petition for exemption from the internet posting requirements. However, by order filed October 3, 2009, it appointed counsel to file a second petition. Following the filing of a counseled petition on January 25, 2011, the court scheduled a hearing on August 17, 2011. On October 11, 2011, the court denied relief, although it was "completely satisfied that the people of the Commonwealth are not endangered by ... Ackley."

On November 4, 2011, Ackley filed a timely notice of appeal, and now raises the following issues for our review.

Is [Ackley] retroactively subject to the internet registration requirements under Megan's Law that became effective in [January of 2005] when:

1. [H]e completed his sentence in 2001 and was not under probation, parole or any intermediate sentence; [and]

2. [T]he [trial] court concluded [Ackley] is not a threat to public safety; and found that posting [his] internet information serves "no greater good"?

Brief of Appellant, at 4.

During Ackley's incarceration, he became subject to the lifetime registration requirement of Megan's Law II, which became effective on July 9, 2000. *See* 42 Pa.C.S. § 9795.1. The legislative findings included in the portion of Megan's III governing internet and electronic notification clearly state that posting information on the internet regarding lifetime registrants enhances the public safety. 42 Pa. C.S. § 9798.1.

■ Ackley asserts that Section 9798.1 does not apply to him because he finished serving his entire sentence before it was enacted. Accordingly, the crux of his claim is that that Section 9798.1 is an *ex post facto* law. In *Commonwealth v. Gaffney*, 557 Pa. 327, 733 A.2d 616 (1999), the Supreme Court reviewed a claim that the registration requirements of Megan's Law I "constitute[d] an *ex post facto* violation where Appellant pled guilty to the offenses of involuntary deviate sexual intercourse

---

4. The violation of Section 4915(a) is docketed at CP–CR–5299–2008, and is not the subject of the instant appeal, although it is relevant to the matter before us.

and aggravated assault and where the commission of these offenses occurred prior to the effective date of the registration provisions." *Id.* at 616–17. The Court identified the central issue as whether the registration provisions constituted punishment, and set forth the following three-prong test: (1) whether the legislature's actual purpose was punishment; (2) whether the objective purpose was punishment; and (3) whether the effect of the statute is so harsh as to constitute punishment. *Id.* at 618.

With respect to the legislature's purpose, Section 9798.1(a) provides that "public access to information about ... lifetime registrants ... is intended solely as a means of public protection and shall not be construed as punitive." Accordingly, the first prong of the *Gaffney* test is met here.

With respect to the objective purpose of Section 9798.1(a), making information "readily accessible to parents and private entities, enabling them to undertake appropriate remedial precautions to prevent or avoid placing potential victims at risk" is remedial, not punitive.

With respect to the harshness of effect prong, the Supreme Court's discussion of the notification requirements of Megan's Law II in *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962, 976 (2003) is instructive:

The critical issue for our present purposes is that, even to the extent that notification under Megan's Law II may have some punitive effect in terms of shaming the sex offender, such effect has not been demonstrated to be sufficient in itself to render the challenged measures criminal punishment for constitutional purposes. For one thing, whether a sanction constitutes punishment is not determined from the defendant's perspective, as even remedial sanctions carry the sting of punishment.

Equally important, any punitive effect that results from being designated a sexually violent predator is not gratuitous, but rather, an inevitable consequence of the effectuation of the law's remedial objective of protecting vulnerable members of the public. Thus, unlike shaming punishments such as stocks and cages—where there would have been alternative means of notifying the community that a certain individual had committed a particular crime—the notification provisions of Megan's Law appear to be reasonably calculated to accomplish self-protection only, and not to impose additional opprobrium upon the offender unrelated to that goal.

*Id.* at 976 (internal quotations and citations omitted).

The reasoning employed by *Williams* with respect to the notification requirements of Megan's Law II applies equally to the internet posting of information regarding lifetime registrants pursuant to Megan's Law III. Internet posting accomplishes the goal of Megan's Law II of informing the public of lifetime registrants so that the public may take precautions to avoid potential risk. For these reasons, section 9798.1 is not punitive, and therefore applies to Ackley.

■ Section 9795.5(1) of the Judicial Code provides relief from notification requirements for some lifetime registrants, and states in relevant part:

§ 9795.5. **Exemption from certain notifications**

(a) **Lifetime registrants not classified as sexually violent predators.**

(1) An individual required to register under section 9795.1 (relating to registration) who is not a sexually violent predator may petition the sentencing court to be exempt from the application of section

9798.1 (relating to information made available on the Internet and electronic notification) provided no less than 20 years have passed since the individual has been convicted in this or any other jurisdiction of any offense punishable by imprisonment for more than one year, or the individual's release from custody following the individual's most recent conviction for any such offense, whichever is later.

42 Pa.C.S. § 9795.5.

Ackley's guilty plea to violating Section 4915(a)(1) on January 29, 2009, constituted a conviction for a felony of the first degree because he had previously been convicted of the same offense. *See* 18 Pa.C.S. § 4915(c)(2). A felony of the first degree is punishable by a term of imprisonment of "not more than 20 years." 18 Pa.C.S. § 1103. Accordingly, Ackley was convicted of an "offense punishable by imprisonment for more than one year," as set forth in section 9795.5. Therefore, under the clear terms of section 9795.5, assuming Ackley is not convicted of any other offenses punishable by imprisonment for more than one year, he will be eligible to seek relief in 2029, when twenty years have passed since his 2009 conviction.

Ackley next asserts that he should not be subject to the internet registration requirements in light of the trial court's determination that he is not a threat to public safety and that posting his information on the internet serves "no greater good." Section 1921 of the Statutory Construction Act of 1921 provides, in relevant part, that "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). In section 9795.5(a), the General Assembly has set forth clear and unambiguous mini- mum requirements that an individual must meet before being permitted to seek an exemption from the internet and electronic notification requirements of Section 9798.1. Ackley does not meet those requirements, and is therefore not entitled to relief despite evidence of Ackley's rehabilitation and health-related issues.

Order affirmed.