J-A26044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAURUS KENYATA GILBERT | |
| Appellant | No. 287 MDA 2014 |

Appeal from the Order Entered January 15, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002038-2003

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 10, 2015**

Appellant, Taurus Kenyata Gilbert, appeals from the January 15, 2014 order denying his motion requesting an order indicating that Appellant is not subject to the registration requirements of the Sex Offender Registration and Notification Act ("SORNA").[1]  Finding no merit to Appellant's claims on appeal, we affirm.

On December 10, 2003, Appellant pled guilty to indecent assault, complainant less than thirteen years of age,[2] and corruption of minors.[3]  The trial court sentenced Appellant to a five-year term of probation on the

---

[1] **See** 42 Pa.C.S. § 9799, *et seq*.

[2] 18 Pa.C.S. § 1326(a)(7).

[3] 18 Pa.C.S. § 6301(a).

indecent assault charge and a consecutive five-year term of probation on the corruption of minors charge, and required Appellant to pay a fine of $200 and the costs of prosecution. As a term of Appellant's plea, he was required to register as a sex offender for a period of ten years pursuant to the version of Megan's Law applicable at the time of his plea, 42 Pa.C.S. § 9795.1. Appellant testified at his guilty plea hearing that he signed the guilty plea slip, the guilty plea colloquy, the acknowledgement of notification of registration requirements under Megan's Law, and the plea agreement. N.T., 12/10/03, at 3.

Appellant's sentence was scheduled to expire on December 10, 2013. On November 4, 2011, the court granted Appellant's motion for termination of probation. His ten-year registration requirement under Megan's Law, however, did not expire until December 10, 2013.

On December 20, 2011, the legislature amended SORNA. The relevant amendments became effective December 20, 2012 and increased the ten-year registration requirement for an indecent assault conviction where the complainant was less than thirteen years of age to a lifetime registration requirement. 42 Pa.C.S. §§ 9799.14(d)(8), 9799.15(a)(3) (listing 18 Pa.C.S. § 3126(a)(7) as a tier III crime and requiring those convicted of tier III crimes to register for life). In December 2012, Appellant received notification he was required to register as a sex offender for the remainder of his life.

Following receipt of this notification, in January 2014, Appellant filed a motion requesting an order indicating that Appellant is not subject to the registration requirements of SORNA. The Commonwealth filed a response, and on January 15, 2014, the trial court denied Appellant's motion. This timely appeal followed.[4]

Appellant raises the following three issues on appeal:

Did the lower court err in denying Appellant's [m]otion to [r]equest an [o]rder [i]ndicating that [Appellant] is [n]ot [s]ubject to the [r]egistration [r]equirements of SORNA when the application of SORNA to Appellant violates the provisions of the negotiated plea agreement entered into between Appellant and the Commonwealth?

Did the lower court commit error in denying Appellant's [m]otion to [r]equest an [o]rder [i]ndicating that [Appellant] is [n]ot [s]ubject to the [r]egistration [r]equirements of SORNA when the application of SORNA to Appellant violates his constitutional rights to due process of law and fundamental fairness under both the Constitution of the Commonwealth of Pennsylvania and the United States Constitution?

Did the lower court err in denying Appellant's [m]otion to [r]equest an [o]rder [i]ndicating that [Appellant] is [n]ot [s]ubject to the [r]egistration [r]equirements of SORNA when the application of SORNA to Appellant violates the prohibitions against *ex post facto* laws contained in the Constitution of the Commonwealth of Pennsylvania and the United States Constitution?

Appellant's Brief at 7.

Appellant first claims that SORNA's new registration requirements do not apply to him because the ten-year registration requirement was a

---

[4] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

negotiated term of his plea agreement. *Id.* at 15-17. Specifically, Appellant argues that by signing a "Notification of Registration Requirements for Offenders Pursuant to Title 42 PACS, Section 9751.1" indicating that he understood that he was required to register with the Pennsylvania State Police for a period of ten years, Appellant agreed to be subject to a ten-year sex offender registration period as a term of his plea. *Id.* at 16. He claims, "[t]he ten-year registration was a specific term that [Appellant] agreed to pursuant to his negotiated plea, and fundamental fairness requires this term to be specifically enforced." *Id.* Alternatively, Appellant argues that even if the ten-year registration period was not a clear term of his plea agreement, based on the totality of the circumstances, the length of Appellant's registration is an ambiguous term of the agreement which should be construed against the Commonwealth. *Id.*

As this Court recently reiterated

[i]n determining whether a plea agreement has been breached, we look to what that parties to the plea agreement reasonably understood to be the terms of the agreement. Such a determination is made based on the totality of the surrounding circumstances, and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth.

*Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super. 2013) (en banc) (citations omitted).

SORNA's 2012 amendments, including the increased registration term, apply to individuals "required to register with the Pennsylvania State Police pursuant to this subchapter prior to December 20, 2012, and who had not

- 4 -

fulfilled the individual's period of registration as of December 20, 2012."[5] 42 Pa.C.S. § 9799.13(3). Because he had not completed his ten-year period of registration as of December 20, 2012, SORNA's amendments, including the increased registration period, applied to Appellant.

We disagree with Appellant's contention that SORNA's new registration requirements do not apply to him. Our review of the record indicates that registration for only ten years was not a term of Appellant's plea agreement. Therefore, Appellant is subject to SORNA's amendments.

To explain our decision, it is helpful to contrast this case with our decision in **Hainesworth**, **supra**. In **Hainesworth**, this Court found the parties "entered into a plea bargain that contained a negotiated term that [the defendant] did not have to register as a sex offender." **Hainesworth**, 82 A.3d at 450. At the defendant's guilty plea hearing, the Commonwealth stated it was not a Megan's Law case. **Id.** at 448. This Court found:

> The trial court and Hainesworth were assured no less than twice by the Commonwealth that the plea did not obligate Hainesworth to register as a sex offender. Moreover, these statements were made as part of the Commonwealth's recitation of the terms of the plea agreement, which were laid out carefully on the record. It is unambiguous from the record that both parties to this appeal, and the trial court, understood that a registration requirement was not included as a term of Hainesworth's plea agreement.

---

[5] The General Assembly again amended SORNA in March 2014, and made the amendments retroactive to December 20, 2012. The March 2014 amendments do not affect this appeal, because Appellant registered as a sex offender prior to December 20, 2012. **See** 42 Pa.C.S. § 9799.13.

*Id.* We opined that "the plea agreement appear[ed] to have been precisely structured so that [the defendant] would not be subjected to a registration requirement." *Id.* The Commonwealth charged the defendant with ten counts, but withdrew the counts that would have required Megan's Law registration. *Id.* We concluded that non-registration as a sex offender was a term of the plea bargain and found the trail court correctly required specific enforcement of that bargain. *Id.* at 448, 450.

Unlike the defendant in **Hainesworth**, Appellant did not bargain for a ten-year registration term. Rather, at the time of his guilty plea the charge of indecent assault, complainant less than thirteen years of age, required a ten-year registration term. There is no evidence in the record, and Appellant has not brought any to this Court's attention, that the parties structured the guilty plea to avoid a longer registration requirement. Although the parties agreed at sentencing that Megan's Law required Appellant to register for a ten-year period, this was not a term of the plea agreement. Thus, Appellant must comply with the SORNA amendments and register for his lifetime. **Hainesworth**, 82 A.3d at 450; **see also Commonwealth v. Nase**, 2014 WL 4415061 (Pa. Super. Sept. 9, 2014) (holding defendant not required to register as a sex offender for an additional fifteen years where defendant expressly agreed to plead guilty to lesser charges and register under Megan's Law for a ten-year period); **Commonwealth v. Benner**, 853 A.2d 1068 (Pa. Super. 2004) (where record at guilty plea and sentencing was silent as to whether defendant was

required to register under Megan's Law, post-sentence amendment requiring lifetime registration applied to defendant, even though, version of Megan's Law in effect at sentencing only required registration for ten years); *Commonwealth v. Miller*, 787 A.2d 1036 (Pa. Suoer. 2001) (requiring registration where offense and conviction occurred prior to Megan's Law effective date).

In Appellant's last two issues, he claims that application of SORNA's lifetime registration requirement violates his constitutional rights to due process and fundamental fairness under the Due Process Clauses of the United States Constitution and the Pennsylvania Constitution, and violates the prohibitions against *ex post facto* laws contained in the United States and Pennsylvania Constitutions. Appellant's Brief at 12-14, 17-25; U.S. Const. Art. 1, § 10; U.S. Const. Amend. V, XIV; Pa. Const. Art. I, § 1, 9, 11, 17.

Whether a due process or *ex post facto* violation exists presents a question of law, for which this Court's standard of review is de novo. *Commonwealth v. Perez*, 97 A.3d 747, 750 (Pa. 2014).

The Pennsylvania Supreme Court found Megan's Law II[6] registration, counselling, and notification requirements did not violate due process. *See Commonwealth v. Williams*, 823 A.2d 962, 986 (Pa. 2003). Further, this

---

[6] Act of May 10, 2000, P.L. 74, No. 18 (as amended, 42 Pa.C.S. §§ 9791-9799.7)

Court has held that, because the registration requirement pursuant to Megan's Law and SORNA is a collateral consequence of a plea agreement, due process does not require that the court inform the defendant of the registration requirement at the time of the plea. ***See Commonwealth v. McDonough***, 98 A.3d 1067, 1071 (Pa. Super. 2014); ***Benner***, 853 A.2d at 1070-71.

Notwithstanding Appellant's argument to the contrary, our case law is clear—application of SORNA registration requirements are not violative of a defendant's due process rights. Accordingly, Appellant's claim to this effect is without merit.

Finally, Appellant maintains application of SORNA is a violation of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Appellant's Brief at 17-25. This claim likewise lacks merit. This Court has considered, and rejected, similar *ex post facto* challenges to various versions of SORNA. ***See Perez***, 97 A.3d at 760; ***Commonwealth v. Ackley***, 58 A.3d 1284, 1286-87 (Pa. Super. 2012) (holding notification provision of Megan's Law III did not violate *ex post facto* clause); ***Benner***, 853 A.2d at 1071 (discussing ***Commonwealth v. Flemming***, 801 A.2d 1234 (Pa. Super. 2002); ***Williams***, 823 A.2d 962; ***Commonwealth v. Gaffney***, 733 A.2d 616, 621 (Pa. 1999).

Therefore, based upon the foregoing well-settled principles, Appellant's due process and *ex post facto* claims fail. For this reason, and because Appellant did not demonstrate that the requirement that he register as a sex

offender was a negotiated term of his plea agreement, Appellant is not entitled to relief. **See *Nase***, 2014 WL 4415061 at *7; ***Hainesworth***, 82 A.3d at 450.

Order affirmed.

Judge Mundy joins in this memorandum.

Judge Bowes files a concurring/dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2015