IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Huu Cao, : 
                Petitioner : 
                : 
     v. : No. 512 M.D. 2015
                : ARGUED: September 9, 2019
The Pennsylvania State Police of The : 
Commonwealth of Pennsylvania, : 
             Respondent : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                   FILED: October 16, 2019


The Pennsylvania State Police (PSP) has filed Preliminary Objections to Huu Cao's Amended Petition for Writ of Mandamus and Petition for Review (Petition for Review), which was filed in this Court's original jurisdiction. In his Petition for Review, Mr. Cao seeks to compel the PSP to relieve him of his obligation to register as a sex offender for life under the Act of February 21, 2018, P.L. 27, No. 10, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 10).[1] The PSP asserts that Mr.

---

[1] The Sexual Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§ 9799.10-9799.41, became effective on December 20, 2012. In February 2018, the General Assembly enacted Act 10, amending certain provisions of SORNA and adding new sections, 42 Pa. C.S. §§ 9799.42 and 9799.51-9799.75, which became effective immediately.

Specifically, in Subchapter H, the General Assembly modified the registration requirements for individuals who committed offenses on or after SORNA's effective date of December 20, 2012. *See* 42 Pa. C.S. § 9799.11. Also, in Subchapter I, the General Assembly created new registration requirements for individuals who committed offenses between April 22, 1996 and December 20, 2012, as well as for sex offenders who were required to register under a

Cao's Petition for Review fails to state a claim upon which relief can be granted under Pennsylvania Rule of Civil Procedure No. 1028(a)(4).[2] For the reasons that follow, we sustain in part and overrule in part the PSP's Preliminary Objections and direct the PSP to file an Answer to the Petition for Review within 30 days.

**Background**

On September 22, 2000, Mr. Cao pled guilty to the following offenses: indecent assault of a person less than 13 years of age, 18 Pa. C.S. § 3126(a)(7); aggravated indecent assault without consent, 18 Pa. C.S. § 3125(a)(1); indecent assault of a mentally disabled person, 18 Pa. C.S. § 3126(a)(6); aggravated indecent assault, 18 Pa. C.S. § 3125; and corruption of minors, 18 Pa. C.S. § 6301(a). Pet. for Review, ¶ 3. On that same date, the Court of Common Pleas of Lancaster County (Trial Court) sentenced Mr. Cao to two and one-half to five years' incarceration followed by 10 years' probation. *Id.*, ¶ 4; *see* PSP's Prelim. Obj., Ex. 3.

At the time of his convictions, Mr. Cao was required to register with the PSP as a sex offender for life pursuant to Megan's Law II, Act of May 10, 2000, P.L. 74, 42 Pa. C.S. §§ 9791-9799.7 (expired), due to his conviction for aggravated indecent assault. *See former* 42 Pa. C.S. § 9795.1(b)(2) (expired); Mr. Cao's Br. in Opp. to Prelim. Obj. at 6.[3] Notably, Megan's Law II required lifetime registration based on

pre-SORNA statute between April 22, 1996 and December 20, 2012 and whose registration periods had not yet expired. *See* 42 Pa. C.S. § 9799.52.

[2] Rule 1028(a)(4) permits a party to file a preliminary objection to any pleading challenging the "legal insufficiency of a pleading (demurrer)." Pa. R.C.P. No. 1028(a)(4).

[3] In 2004, the General Assembly enacted Megan's Law III, Act of November 24, 2004, P.L. 1243, 42 Pa. C.S. §§ 9791-9799.9 (expired). Megan's Law III did not alter the lifetime registration requirement for an offender convicted of aggravated indecent assault. *See former* 42 Pa. C.S. § 9795.1(b) (expired).

2

Mr. Cao's conviction for aggravated indecent assault, regardless of the date of the underlying offense. Mr. Cao contends, however, that he entered his plea agreement with the Commonwealth of Pennsylvania (Commonwealth) with the understanding that he would be required to register as a sex offender for only 10 years. Pet. for Review, ¶¶ 5-6. Upon his release from prison in September 2003, Mr. Cao began his registration commitment. *Id.*, ¶ 7.

On October 26, 2015, Mr. Cao filed a Petition for Writ of Mandamus in this Court's original jurisdiction, seeking to compel the PSP to remove him from the sex offender registry. On December 30, 2015, the PSP filed Preliminary Objections to the Petition for Writ of Mandamus.

On January 27, 2016, Mr. Cao filed an Amended Petition for Review, again seeking his removal from the sex offender registry. On October 21, 2016, the PSP filed an Answer and New Matter to the Amended Petition for Review. Mr. Cao filed an Answer to the PSP's New Matter on November 11, 2016.

On February 15, 2018, the PSP notified Mr. Cao that, in response to the Supreme Court's decision in *Muniz*, the PSP had removed him from the sex offender website. The letter stated:

> The Megan's Law Section [of the PSP] has determined that your registration is affected by [*Muniz*]. Your information has been removed from the public website effective the date of this correspondence. *Please be advised, the [PSP] may be compelled to review your file in the future to determine whether you are required to register as a*

---

In 2011, the General Assembly replaced Megan's Law III with SORNA. Subsequently, in *Commonwealth v. Muniz*, 164 A.3d 1189, 1223 (Pa. 2017), *cert. denied sub nom. Pennsylvania v. Muniz,* 138 S. Ct. 925 (2018), the Pennsylvania Supreme Court held that SORNA violated the *ex post facto* provisions of both the United States and Pennsylvania Constitutions when applied retroactively to sexual offenders who were convicted of certain crimes before SORNA's effective date and were subjected to increased registration obligations under SORNA.

*[s]exual [o]ffender pursuant to any new legislation in response to Muniz.*

Mr. Cao's Br. in Opp. to Prelim. Obj., Ex. B (emphasis added); *see* Pet. for Review, ¶ 17.

On February 20, 2018, the PSP filed an Application to Dismiss the Amended Petition for Review as Moot (Application to Dismiss), asserting that the PSP had removed Mr. Cao's name from the sex offender website.

On April 20, 2018, following Act 10's enactment, the PSP notified Mr. Cao as follows:

> Your sexual offender registration information has been reviewed. In accordance with [Subchapter I of Act 10], you are required to register as a sexual offender for your lifetime. . . . If you have not yet appeared at an approved registration site, you must do so by May 22, 2018.

Mr. Cao's Br. in Opp. to Prelim. Obj., Ex. C; *see* Pet. for Review, ¶ 18.

On May 21, 2018, this Court denied the PSP's Application to Dismiss, stating that "it appears that [Mr. Cao's name] remains on the 'Megan's Law website' despite [the PSP's] averment that [Mr. Cao's] name was removed '[o]n or about February 13, 2018.'" Cmwlth. Ct. Order, 5/21/18.

On August 10, 2018, Mr. Cao requested leave of court to further amend his Amended Petition for Review to address the applicability of Act 10, which this Court granted.[4]

On September 12, 2018, Mr. Cao filed the instant Petition for Review with this Court, challenging his lifetime registration obligation under Act 10 as unconstitutional. Specifically, Mr. Cao asks this Court to: change his registration requirement to 10 years; declare that he has completed his registration obligation;

---

[4] On August 20, 2018, this Court also dismissed as moot Mr. Cao's pending Application for Summary Relief, which he had filed in February 2018.

and exempt him from registering under Act 10. In the alternative, Mr. Cao asks this Court to declare that Act 10's internet notification requirements, as applied to him, violate the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions. On November 13, 2018, the PSP filed its Preliminary Objections to the Petition for Review. Both parties have filed briefs in support of their respective positions and have presented oral argument before this Court.

## Analysis

"[A] demurrer contests the legal sufficiency of a [petition for review]." *Barge v. Pa. Bd. of Probation & Parole*, 39 A.3d 530, 538 (Pa. Cmwlth. 2012), *aff'd*, 96 A.3d 360 (Pa. 2014). In ruling on preliminary objections, this Court must accept as true all well-pled material allegations in the petition for review and any reasonable inferences therefrom. *Garrison v. Dep't of Corr.*, 16 A.3d 560, 563 n.5 (Pa. Cmwlth. 2011). However, we are not bound by unwarranted factual inferences, legal conclusions, argumentative allegations, or expressions of opinion. *Id.* We may sustain a preliminary objection in the nature of a demurrer only where the petitioner has failed to state a claim upon which relief may be granted. *Id.*

With these principles in mind, we address each of the PSP's Preliminary Objections.

### 1. Applicability of Act 10

The PSP argues that Mr. Cao has failed to state a claim for relief because Act 10 applies to Mr. Cao and mandates his continued registration as a sex offender.

Preliminarily, we note that Mr. Cao's Petition for Review challenges his registration obligation under Act 10. However, shortly after he filed his Petition for Review, the General Assembly reenacted and amended some provisions of Act 10 in the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa. C.S. §§ 9799.10-9799.75

5

(commonly known as Act 29), which became effective immediately. Because Act 29 has replaced Act 10, Act 29 is now the only statute under which Mr. Cao can be compelled to register as a sex offender. Thus, we will refer to Act 10 and Act 29 together herein as "SORNA II" and will address Mr. Cao's obligation to register under SORNA II.

Subchapter I of SORNA II, titled "Continued Registration of Sex Offenders," states in Section 9799.52(2) that its provisions shall apply to individuals "required to register with the [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, *whose period of registration has not expired*." 42 Pa. C.S. § 9799.52(2) (emphasis added).

Here, it is undisputed that Mr. Cao's obligation to register began in September 2003 when he was released from prison. At that time – notwithstanding any alleged plea agreement to the contrary (which we address more fully in Section 2 of this Analysis, *infra*) – Megan's Law II required Mr. Cao to register with the PSP for life based on his conviction for aggravated indecent assault. *See former* 42 Pa. C.S. § 9795.1(b)(2) (expired); Mr. Cao's Br. in Opp. to Prelim. Obj. at 6. Therefore, the plain language of Section 9799.52(2) of SORNA II mandates Mr. Cao's continued registration, because he was "required to register with the [PSP] under a former sexual offender registration law of this Commonwealth [*i.e.*, Megan's Law II] on or after April 22, 1996, but before December 20, 2012" and his "period of [lifetime] registration has not expired." 42 Pa. C.S. § 9799.52(2).

In his Petition for Review, Mr. Cao contends that SORNA II does not require him to register because his offenses occurred in May 1995. Pet. for Review, ¶ 2; *see* Mr. Cao's Br. in Opp. to Prelim. Obj., Ex. A. Mr. Cao points out that Section 9799.55(b)(2)(i)(A) of SORNA II requires lifetime registration for an individual

6

convicted of aggravated indecent assault if the offense was "*committed on or after April 22, 1996*, but before December 20, 2012." 42 Pa. C.S. § 9799.55(b)(2)(i)(A) (emphasis added). However, subsection (b)(2)(i)(B) of that same provision *also* mandates lifetime registration for an individual convicted of aggravated indecent assault "who [was] required to register with the [PSP] under a former sexual offender registration law of this Commonwealth *on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired*." 42 Pa. C.S. § 9799.55(b)(2)(i)(B) (emphasis added); *see* 42 Pa. C.S. § 9799.52(2). Thus, Mr. Cao is obligated to register under SORNA II because his prior lifetime registration commitment, which began in September 2003, has not expired.

We sustain the PSP's Preliminary Objection on the ground that SORNA II applies to Mr. Cao and requires his continued registration for life.

## 2. Contract Clause Violations

Mr. Cao alleges that he is entitled to specific enforcement of his plea agreement and that the application of SORNA II impairs the Commonwealth's obligations under the plea agreement in violation of the Contract Clauses of the United States and Pennsylvania Constitutions. *See* U.S. Const. art. I, § 10; Pa. Const. art. I, § 17. Specifically, Mr. Cao alleges that he entered his plea agreement with the understanding that he would be required to register as a sex offender for only 10 years, even though the statute in effect at the time of his plea – Megan's Law II – required lifetime registration. Pet. for Review, ¶¶ 5-6; Mr. Cao's Br. in Opp. to Prelim. Obj. at 6.[5] The PSP objects, arguing that it cannot be liable for any breach of contract because it was not a party to Mr. Cao's plea agreement.

---

[5] Mr. Cao asserts:

7

An *en banc* panel of our Court addressed this same argument in *Dougherty v. Pennsylvania State Police*, 138 A.3d 152, 168 (Pa. Cmwlth. 2016) (*en banc*),[6] wherein we sustained the PSP's preliminary objection to a petition for review on the ground that the PSP could not be liable for breach of the petitioner's plea agreement with the Commonwealth. In doing so, we stated:

> [T]he PSP has *no* duty to inquire into the content or intent of any underlying plea agreement. The PSP is not a party to the plea agreement and disputes over the alleged breach of a plea agreement, and the impact of the plea agreement on a [sex offender's] duty to register with the PSP, are properly resolved through the criminal justice system in the appropriate sentencing court.

*Id.* (emphasis in original). We further explained that, in determining the appropriate period of registration, the PSP must comply with the registration terms outlined in the trial court's sentencing order. *Id.* at 159-60. Consequently, "*if[] the sentencing order is silent on the term of registration* imposed upon the offender, the PSP *must apply the appropriate registration period based on the offense of conviction*" under the applicable sex offender statute. *Id.* at 160 (emphasis added).

Here, Mr. Cao's Petition for Review contains no factual averments relating to either the terms of the Trial Court's Sentencing Order or the PSP's application

---

It is acknowledged that at the time of sentencing, Megan's Law II carried a lifetime registration for a conviction [of] Aggravated Indecent Assault, 18 Pa. C.S. [§] 3125; however, it is contended that [Mr. Cao] negotiated a plea to a ten[-]year registration period based on the timing of the charges which predated Megan's Law II and his understanding at the time of his plea.

Mr. Cao's Br. in Opp. to Prelim. Obj. at 6.

[6] Although *Dougherty* involved a constitutional challenge to SORNA, not SORNA II, our Court's rationale in *Dougherty* with regard to the petitioner's Contract Clause claim is applicable here.

8

thereof. His Petition for Review merely includes averments regarding his alleged plea negotiations with the Commonwealth prior to sentencing. Significantly, the Sentencing Order included in the record before this Court is silent as to the terms of Mr. Cao's sex offender registration obligation, stating only that "Megan['s] Law applies." PSP's Prelim. Obj., Ex. 3, at 1-2.

Because the PSP was not a party to Mr. Cao's plea agreement with the Commonwealth, it cannot be liable for breach of such agreement. *See Dougherty*, 138 A.3d at 160 (noting that "it is the Commonwealth, acting through the appropriate prosecutor, not the PSP, who is a party to the plea agreement"). Further, absent any record evidence demonstrating that the Trial Court imposed a shorter period of registration than that mandated by Megan's Law II, the PSP properly imposed lifetime registration on Mr. Cao.

Therefore, we sustain the PSP's Preliminary Objection on this basis.

### 3. Mandamus Relief

The PSP asserts that Mr. Cao's Petition for Review sounding in mandamus is not the proper means to obtain the relief he seeks. The PSP contends that mandamus is applicable only when the petitioner has a clear legal right to the performance of a mandatory, ministerial duty. According to the PSP, it is merely following applicable law in enforcing SORNA II's registration requirements.

In *Taylor v. Pennsylvania State Police*, 132 A.3d 590, 599-600 (Pa. Cmwlth. 2016) (*en banc*), we addressed a similar claim and overruled the PSP's objection to a petition for review titled "Petition for Review in the Nature of a Writ of Mandamus," where the petitioner's claims sounded in declaratory and injunctive relief. We explained that our Rules of Appellate Procedure should be construed liberally and, thus, "'[a]ctions brought in the wrong form should not be dismissed,

9

but should be regarded as having been filed in the proper form.'" *Id.* at 600 (quoting *Commonwealth v. Borough of East Washington*, 378 A.2d 301, 304 (Pa. 1977)).

Here, as in *Taylor*, although Mr. Cao's Petition for Review is titled "Amended Petition for Writ of Mandamus and Petition for Review," it is evident from the body of the Petition for Review that he actually seeks declaratory and injunctive relief. *See* Pet. for Review at 10 (unpaginated). Therefore, we consider Mr. Cao's Petition for Review as properly styled to seek such relief.

We overrule the PSP's Preliminary Objection on this basis.

### 4. *Ex Post Facto* Violations

The PSP asserts that the application of SORNA II to Mr. Cao does not violate the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions. In response, Mr. Cao contends that it does, for two reasons: (1) because SORNA II retroactively increased his registration period from 10 years to life; and (2) because SORNA II imposes on him internet notification requirements that did not exist at the time of his convictions. We will address each argument in turn.

### a. Increased Registration Period

This Court has recently concluded that a sex offender statute is not an unconstitutional *ex post facto* law as applied if it merely continues the same registration requirement already in place under pre-SORNA law. *See Groulx v. Pa. State Police* (Pa. Cmwlth., No. 121 M.D. 2018, filed Jan. 24, 2019), slip op. at 12-14.[7] "Without the infliction of a greater punishment, the *ex post facto* clause is not violated." *Id.*, slip op. at 14 (citing *Commonwealth v. Rose*, 127 A.3d 794 (Pa. 2015), and *Commonwealth v. Allshouse*, 36 A.3d 163 (Pa. 2012)).

_____

[7] We cite *Groulx* for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

10

Here, as explained above, Mr. Cao is subject to the same registration obligation – lifetime registration – that has applied to him since his release from prison in 2003 under Megan's Law II.  *See* 42 Pa. C.S. § 9799.55(b)(2); *former* 42 Pa. C.S. § 9795.1(b)(1) (expired).  SORNA II did not increase Mr. Cao's period of registration.  Therefore, we reject this claim.

### b. <u>Internet Notification Provisions</u>

Next, Mr. Cao argues that the internet notification requirements imposed on him by SORNA II are punitive in nature.  Mr. Cao was convicted in 2000 and began his registration obligation in 2003 when Megan's Law II was in effect.  Megan's Law II did not contain any internet notification requirements.  Rather, Megan's Law II only required "public" notification for sex offenders classified as sexually violent predators, *see former* 42 Pa. C.S. § 9798(d) (expired), and such notification was not implemented on a publicly available website, *see id.*

Internet notification was not mandated until the enactment of Megan's Law III in 2004.  *See former* 42 Pa. C.S. § 9798.1 (expired).[8]  The record shows that information about Mr. Cao was included on the publicly accessible Megan's Law Website as recently as May 2018.  *See* Cmwlth. Ct. Order, 5/21/18.

---

[8] Section 9798.1(c) of Megan's Law III provided that the public website maintained by the PSP (Megan's Law Website) shall contain the following information regarding registered sex offenders:

> (i) Name and any aliases; (ii) year of birth; (iii) the street address, city, county and zip code of all residences; (iv) the street address, city, county and zip code of any institution or location at which the person is enrolled as [a] student; (v) the city, county and zip code of any employment location; (vi) a photograph of the offender, which shall be updated not less than annually; (vii) a description of the offense or offenses which trigger the application of [the registration requirement]; and (viii) the date of the offense and conviction, if available.

*Former* 42 Pa. C.S. § 9798.1(c) (expired).

11

As Mr. Cao points out, the internet notification requirements of SORNA II are far more expansive than the internet notification requirements of Megan's Law III. SORNA II requires the PSP to publish on the Megan's Law Website the following information:

> (i) name and all known aliases; (ii) year of birth; (iii) . . . the street address, municipality, county and zip code of all residences, including, where applicable, the name of the prison or other place of confinement; (iv) the street address, municipality, county, zip code and name of an institution or location at which the person is enrolled as a student; (v) the municipality, county and zip code of an employment location; (vi) a photograph of the individual, which shall be updated not less than annually; (vii) a physical description of the offender, including sex, height, weight, eye color, hair color and race; (viii) identifying marks, including scars, birthmarks and tattoos; (ix) the license plate number and description of a vehicle owned or registered to the offender; (x) whether the offender is currently compliant with registration requirements; (xi) whether the victim is a minor; (xii) a description of the offense or offenses which triggered the application of this subchapter; [and] (xiii) the date of the offense and conviction, if available . . . .

42 Pa. C.S. § 9799.63(c)(1).[9] These notifications are required for *all* lifetime registrants, not just those deemed to be sexually violent predators. *See* 42 Pa. C.S. § 9799.63(c)(2). SORNA II also gives the Pennsylvania Board of Probation and Parole the authority to "impose [on parolees or probationers] supervision conditions

---

[9] In enacting SORNA II, it was the General Assembly's intent, in relevant part, to

> [r]equire the exchange of relevant information about . . . offenders among public agencies and officials and *to authorize the release of necessary and relevant information about . . . offenders to members of the general public, including information available through the publicly accessible [Megan's Law Website] of the [PSP], as a means of assuring public protection* and shall not be construed as punitive.

42 Pa. C.S. § 9799.61(b)(2) (emphasis added).

12

that include offender tracking through global positioning system technology." 42 Pa. C.S. § 9799.65.

In his Brief in Opposition to the PSP's Preliminary Objections, Mr. Cao contends that SORNA II is an impermissible *ex post facto* law under the Supreme Court's decision in *Muniz*. In *Muniz*, our Supreme Court addressed the constitutionality of SORNA under the federal and state *Ex Post Facto* Clauses. In analyzing the numerous factors for determining whether SORNA was punitive, the Supreme Court relied extensively on SORNA's internet notification provisions. The Court began by noting that it "consider[ed] SORNA's publication provisions – when viewed in the context of our current internet-based world – to be comparable to shaming punishments." *Muniz*, 164 A.3d at 1213. The Supreme Court went on to state:

> [T]he information SORNA allows to be released over the internet goes beyond otherwise publicly accessible conviction data and includes: name, year of birth, residence address, school address, work address, photograph, physical description, vehicle license plate number and description of vehicles. Moreover, although [our] Court [previously] determined [that] the dissemination of registration information provided by sexually violent predators under Megan's Law II was necessary to protect the public, the Court expressly stated the public notification and electronic dissemination provisions of that statute "need not be read to authorize public display of the information, as on the Internet." SORNA has increased the length of registration, contains mandatory in-person reporting requirements, *and allows for more private information to be displayed online*. Under the circumstances, *we conclude [that] SORNA is much more retributive than Megan's Law II* and the Alaska statute at issue in *Smith* [*v. Doe*, 538 U.S. 84 (2003)], *and this increase in retributive effect, along with the fact SORNA's provisions act as deterrents for a number of predicate offenses, all weigh in favor of finding SORNA punitive*.

*Id.* at 1215-16 (emphasis added) (internal citations omitted).

The *Muniz* Court ultimately concluded that application of SORNA to the defendant, who was convicted before SORNA's effective date, was improper. The Supreme Court held that: (1) SORNA's registration and notification provisions constituted punishment; and (2) retroactive application of SORNA's registration and notification provisions to sexual offenders who were convicted of certain crimes before SORNA's effective date violated the federal and state *Ex Post Facto* Clauses. *Id.* at 1223.

Although *Muniz* involved SORNA, not SORNA II, the Supreme Court's discussion in *dicta* of the punitive nature of SORNA's internet notification provisions suggests that application of SORNA II's internet notification provisions to Mr. Cao does not pass constitutional muster. However, we are also mindful that the General Assembly enacted SORNA II directly in response to *Muniz*, *see* 42 Pa. C.S. § 9799.51(b)(3), and, in doing so, declared that the "information available through the publicly accessible [Megan's Law Website] . . . shall not be construed as punitive," 42 Pa. C.S. § 9799.51(b)(2).

At this early stage of the proceedings, we cannot conclude with certainty that SORNA II's internet notification provisions are not punitive as applied to Mr. Cao, who was convicted long before the Megan's Law Website existed. *See Dougherty*, 138 A.3d at 158 (overruling the PSP's preliminary objection where it was unclear whether "the [internet notification] provisions added since [the p]etitioner was convicted in 2011 are not punitive and violate the *Ex Post Facto* Clause of the Pennsylvania Constitution"); *Taylor*, 132 A.3d at 604 (overruling the PSP's preliminary objection challenging the legal sufficiency of the petitioner's state *ex post facto* claim based on SORNA's internet notification provisions). Therefore, we conclude that Mr. Cao's Petition for Review states a claim that SORNA II's internet

14

notification provisions, as applied to him, violate the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions.

We overrule the PSP's Preliminary Objection on this basis.

### 5. Due Process Violations

The PSP objects to Mr. Cao's due process claims because Mr. Cao fails to allege an interest protected by either the Due Process Clause of the Fourteenth Amendment to the United States Constitution or Article I, Section 9 of the Pennsylvania Constitution. In his Petition for Review, Mr. Cao contends that SORNA II's internet notification provisions infringe on his protected right to reputation without due process. He also contends that SORNA II's irrebuttable presumption that all sex offenders pose a high risk of reoffending, *see* 42 Pa. C.S. § 9799.11(a)(4), violates his procedural due process rights.

Although a person's reputation is not protected by the federal Due Process Clause, our Supreme Court has acknowledged that a person's reputation *is* protected by the Pennsylvania Constitution. *See Muniz*, 164 A.3d at 1221; *see also In re J.B.*, 107 A.3d 1, 16 (Pa. 2014) ("This Court has recognized that the right to reputation, although absent from the federal [C]onstitution, is a fundamental right under the Pennsylvania Constitution."). As such, our Court has recognized that "reputation is among the fundamental rights that cannot be abridged without compliance with state constitutional standards of due process." *Taylor*, 132 A.3d at 605.

In *Taylor*, we overruled the PSP's preliminary objection to the petitioner's substantive due process claim based on an alleged deprivation of his reputational interest, as follows:

> [The p]etitioner alleges that his constitutionally protected reputational interest under the Pennsylvania Constitution is infringed upon by SORNA. Assuming this allegation is true, [the p]etitioner's

15

fundamental right to reputation may only be abridged if SORNA is narrowly tailored to advance a compelling state interest.

An extensive review of the law has shown that courts of this Commonwealth have not specifically addressed whether SORNA's registration and notification provisions are narrowly tailored to meet the government's compelling interest in protecting the public. Nor have courts assessed whether the public distribution of a sexual offender's personal information on a government website violates substantive due process. Further, the United States Supreme Court has not addressed this issue. Because it is not clear at this time that [the p]etitioner is not entitled to relief, his substantive due process claim must be answered by the PSP.

*Id.* at 609-10 (footnote and internal citations omitted).[10] We further concluded that the petitioner adequately stated a claim that SORNA's irrebuttable presumption that all sex offenders pose a high risk of reoffending violated procedural due process under the Pennsylvania Constitution. *Id.* at 607.

Applying *Taylor*'s reasoning to this case, we conclude that Mr. Cao has stated claims that SORNA II's internet notification requirements infringe on his protected right to reputation without due process and that SORNA II's irrebuttable presumption violates procedural due process. Therefore, we overrule the PSP's Preliminary Objection on these bases.[11]

---

[10] Although *Muniz* touched on reputational interest in evaluating the defendant's *ex post facto* claims, *see* 164 A.3d at 1222-23, the Supreme Court did not address the issue of whether SORNA's registration and notification provisions violated due process rights under the Pennsylvania Constitution. *See id.* at 1223 (finding persuasive the petitioner's "claim [that] the Pennsylvania Constitution's special treatment of the right to reputation justifies greater protections under the Pennsylvania *ex post facto* clause").

[11] We note that, in 2018, the Pennsylvania Supreme Court granted review, in its original jurisdiction, to consider the constitutionality of SORNA II in *Commonwealth v. Lacombe*, 35 MAP 2018 (Pa. 2018).

16

## Conclusion

Accordingly, we overrule the PSP's Preliminary Objections to the styling of the Petition for Review as a writ of mandamus and to Mr. Cao's *ex post facto* and due process claims, and we sustain the remainder of the PSP's Preliminary Objections. We further direct the PSP to file an Answer to the Petition for Review within 30 days.

_____
ELLEN CEISLER, Judge

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Huu Cao, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 512 M.D. 2015 |
| | : | |
| The Pennsylvania State Police of The | : | |
| Commonwealth of Pennsylvania, | : | |
| Respondent | | |

# **O R D E R**

AND NOW, this 16th day of October, 2019, the Preliminary Objections filed by the Pennsylvania State Police (PSP) to Huu Cao's Amended Petition for Writ of Mandamus and Petition for Review (Petition for Review) are hereby SUSTAINED IN PART AND OVERRULED IN PART in accordance with the foregoing Opinion. We further direct the PSP to file an Answer to the Petition for Review within 30 days of the date of this Order.

_____
ELLEN CEISLER, Judge