# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Dougherty,            :
                                      :
               Petitioner       :
                                      :
               v.                 :    No. 537 M.D. 2014
                                      :
The Pennsylvania State Police of the    :    Argued: September 16, 2015
Commonwealth of Pennsylvania,      :
                                      :
               Respondent    :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[2]
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Judge[3]
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge[4]

**OPINION BY**
**JUDGE COHN JUBELIRER**[5]                **FILED: April 27, 2016**

Before this Court in our original jurisdiction are the Preliminary Objections (POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Joseph J. Dougherty's (Petitioner) "Amended Petition for Review in the Nature of a Writ

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[3] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[4] This case was argued before an *en banc* panel of the Court that included former Judge Bernard L. McGinley. Because Judge McGinley's service on the Court ended January 31, 2016, this matter was submitted on briefs to Judge Wojcik as a member of the *en banc* panel.

[5] This matter was reassigned to the authoring judge on December 8, 2015.

of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review).  At oral argument, Petitioner made an oral motion to stay the disposition of the POs so that he could provide the PSP with his sentencing orders, and the PSP could determine whether relief was appropriate based thereon.  We granted said motion on January 12, 2016.  Petitioner subsequently provided the PSP with documents related to his sentencing, and the PSP determined that no relief was appropriate.  The matter is now ripe for our disposition.

Petitioner pleaded guilty to two counts of Unlawful Contact with a Minor[6] and a single count of Criminal Use of Communication Facility[7] on May 4, 2011,

---

[6] Section 6318(a)(1) of the Crimes Code, 18 Pa. C.S. § 6318(a)(1).  Unlawful Contact with a Minor is defined as:

[being] intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in [a sexual offense], . . . and either the person initiating the contact or the person being contacted is within this Commonwealth[.]

(1) Any offense enumerated in Chapter 31 (relating to sexual offenses).

Id.

[7] Pursuant to Section 7512(a) of the Crimes Code, 18 Pa. C.S. § 7512(a):

A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act.  Every instance where the communication facility is utilized constitutes a separate offense under this section.

Id.

2

and was sentenced to 10 years of probation on August 22, 2011. (Petition for Review ¶¶ 2, 3.) Petitioner alleges that he "was instructed and entered into a plea agreement" with the Commonwealth "pursuant to an understanding and agreement" that he "was required to register as a sexual offender for only ten (10) years." (Petition for Review ¶ 4.) According to Petitioner's allegations, Petitioner's understanding that he was only required to register for 10 years "was an important consideration that Petitioner took into account in accepting a negotiated plea and which he relied upon in considering to plead in his case." (Petition for Review ¶ 5.) On December 3, 2012, the PSP notified Petitioner that, pursuant to the enactment of the Sexual Offender Registration and Notification Act (SORNA),[8] Petitioner was now required to register with the PSP twice a year for 25 years and that his registration information will be placed on the PSP's website for the same period of time. (Petition for Review ¶ 7.)

---

[8] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth enactment of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

Petitioner alleges that this increase in his registration period violates the Ex Post Facto and Contract Clauses of the United States and Pennsylvania Constitutions and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. (Petition for Review ¶¶ 8-10.) Petitioner seeks specific performance of his plea agreement and an order declaring that he is not required to register beyond 10 years as the increased registration and notification requirements imposed upon him by SORNA are, for those reasons, unconstitutional. (Petition for Review ¶¶ 13, 15, Wherefore Clause.)

The PSP demurs to the Petition for Review through five POs.[9] The PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly classified as a Tier II offender, carrying a 25-year registration requirement. (POs ¶¶ 17-28.) Second, the PSP alleges that mandamus will not lie against the PSP because the statute of limitations has run for these types of actions and that the PSP lacks the duty or authority to change Petitioner's registration requirements. (POs ¶¶ 48-58.) Third, the PSP alleges that SORNA poses no ex post facto concerns and cites, *inter alia*, to our decision in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, 125 A.3d 119 (Pa. 2015), as binding authority to that end. (POs ¶¶ 30-31.) Fourth, the PSP objects to Petitioner's due process allegations because Petitioner has failed to allege any interest that is protected under the Due Process Clause of either the United States or Pennsylvania Constitutions. (POs ¶¶ 41-42.) Finally, the PSP

---

[9] We have reorganized the PSP's POs for purposes of this opinion.

4

demurs to Petitioner's contract-related claims by alleging that: (1) the PSP is not liable for breach of contract because the PSP is not a party to the plea agreement between Petitioner and the Commonwealth; and (2) assuming that the PSP is a party to the plea agreement, a claim against the PSP is barred by sovereign immunity. (POs ¶¶ 38-40.) For the reasons that follow, we sustain the POs in part, and overrule in part.[10]

We shall first address the PSP's objections based upon Petitioner seeking the requested relief in a mandamus action and then proceed to those challenging the legal sufficiency of Petitioner's constitutional and contract claims. In assessing the legal sufficiency of a petition for review, "the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom." Rodgers v. Pennsylvania Department of Corrections, 659 A.2d 63, 65 (Pa. Cmwlth. 1995). A demurrer must only be sustained "where it appears, with certainty, that the law permits no recovery under the allegations pleaded." Id.

## I. Mandamus and Statute of Limitations

The PSP's first objection is premised on its understanding that Petitioner is seeking relief in a mandamus action based on the title of his pleading. The PSP, citing this Court's decision in Curley v. Smeal (Curley I), 41 A.3d 916, 919 (Pa. Cmwlth. 2012), aff'd but criticized sub nom., Curley v. Wetzel (Curley II), 82

_____

[10] The PSP's first PO alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and that Petitioner was properly classified as a Tier II offender. Petitioner does not allege that SORNA does not apply or that he is improperly classified. We shall, therefore, overrule this PO.

A.3d 418 (Pa. 2013),[11] alleges that actions in mandamus have a six-month statute of limitations, which had expired long before Petitioner filed his Petition for Review in October 2014. The PSP also alleges, in the alternative, that Petitioner's claims lack merit because mandamus is only applicable to situations where the petitioner has a clear legal right to the performance of a mandatory ministerial duty, and the PSP has no such duty here to provide the relief requested by Petitioner.

We addressed these precise issues at length in Taylor v. Pennsylvania State Police, 132 A.3d 590, 598-600 (Pa. Cmwlth. 2016) (*en banc*)[12] where we overruled the PSP's objection to a petition self-labeled a "Petition for Review in the Nature of a Writ of Mandamus" because the petitioner's claims sounded in declaratory and injunctive relief and the Rules of Appellate Procedure should be liberally construed.

Petitioner here requests this Court to order specific enforcement of the terms of his plea agreement and to conclude that: (1) the application of SORNA upon him is unconstitutional as it impairs the Commonwealth's obligations in its contract with Petitioner in violation of the Contract Clauses of the United States and Pennsylvania Constitutions; (2) the retroactive application of SORNA upon him violates his plea agreement and the Due Process Clauses of the United States and Pennsylvania Constitutions; and (3) by changing, expanding, and extending

---

[11] This Court recently overruled Curley I in Morgalo v. Gorniak et al., ___A.3d___ , ___ (Pa. Cmwlth., No. 489 M.D. 2013, filed March 8, 2016) (*en banc*), slip op. at 8.

[12] The instant case was argued with Taylor and six other cases.

Petitioner's registration and reporting requirements, SORNA retroactively imposes a form of punishment upon him in violation of the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions. (Petition for Review ¶¶ 9-10, 13-14.) Like the petition for review in Taylor, these requests sound in declaratory and injunctive relief, asserting contractual and constitutional claims against a Commonwealth agency. Thus, pursuant to Taylor, we shall overrule the PSP's POs in this regard.

## II. Ex Post Facto

Petitioner alleges that due to the enactment of SORNA, his registration period has been "retroactively increased dramatically." (Petition for Review ¶ 8.) Petitioner entered into his plea agreement on May 4, 2011 when the Act commonly known as Megan's Law III[13] was in effect. (Petition for Review ¶ 3.) Petitioner contends that, under Megan's Law III, he was required to register as a sexually violent offender for 10 years and that SORNA now requires him to register for 25 years. According to Petitioner, changing or expanding his registration period is a form of punishment and is a direct consequence of his conviction.

In Taylor, we sustained a PO demurring to an almost identical claim as the one asserted by Petitioner. We held that our previous decision in Coppolino, which was affirmed by our Supreme Court, disposed of the challenge to SORNA's registration requirements. Taylor, 590 A.3d at 601. Pursuant to Taylor, we sustain the PSP's PO with regard to the registration requirements of SORNA.

---

[13] Act of November 24, 2004, P.L 1243, *formerly*, 42 Pa. C.S. §§ 9791-9799.9.

Although we sustained the PSP's demurrer to petitioner's ex post facto claim to the registration requirements of SORNA in Taylor, we overruled the POs to a claim that Section 9799.28(a) of SORNA, 42 Pa. C.S. § 9799.28(a), was punitive for purposes of the Ex Post Facto Clause of the Pennsylvania Constitution. Taylor, 590 A.3d at 601-04. Section 9799.28(a) of SORNA (hereafter, "internet notification provision") mandates that the PSP "[d]evelop and maintain a system for making information about [those] convicted of[, *inter alia*,] a sexually violent offense" public via the internet. 42 Pa. C.S. § 9799.28(a). SORNA also mandates that the internet website must include a feature that allows members of the public "to receive electronic notification when the individual convicted of a sexually violent offense, sexually violent predator[14] or sexually violent delinquent child moves into or out of a geographic area chosen by the user." 42 Pa. C.S. § 9799.28(a)(1)(ii).

The petitioner in Taylor was convicted in 1994, prior to the enactment of Megan's Law I, and this Court held that it was unclear whether the internet notification provisions added since the petitioner's conviction were punitive in nature and violated the Ex Post Facto Clause of the Pennsylvania Constitution.[15]

_____

[14] SORNA defines sexually violent predators as individuals convicted of sexually violent offenses who are determined to have engaged in the violent conduct "due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." Section 9799.12 of SORNA, 42 Pa. C.S. § 9799.12. The process for the assessment and adjudication of sexually violent predators is found in Section 9799.24 of SORNA, 42 Pa. C.S. § 9799.24. Sexually violent predators are subjected to expanded notification requirements. See Sections 9799.26-9799.27 of SORNA, 42 Pa. C.S. §§ 9799.26-9799.27. Petitioner has not been classified as a sexually violent predator.

[15] The Court in Taylor did, however, "conclude that the internet notification provision of SORNA does not constitute an ex post facto law under the United States Constitution when applied to Petitioner." Taylor, 590 A.3d at 602.

Here, Petitioner entered into his plea agreement when Megan's Law III was in effect. Megan's Law III included Section 9798.1 of Megan's Law III, 42 Pa. C.S. § 9798.1 (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41), which required the PSP to post the following information on the internet:

> [The sexual offender's] (i) [n]ame and any aliases; (ii) year of birth; (iii) the street address, city, county and zip code of all residences; (iv) the street address, city, county and zip code of any institution or location at which the person is enrolled as [a] student; (v) the city, county and zip code of any employment location; (vi) a photograph of the offender, which shall be updated not less than annually; (vii) a description of the offense or offenses which trigger the application of [the registration requirement]; and (viii) the date of the offense and conviction, if available.

42 Pa. C.S. § 9798.1(c).


In Commonwealth v. Ackley, 58 A.3d 1284, 1287 (Pa. Super. 2012), the Superior Court held that the internet notification provision of Megan's Law III was not punitive for purposes of the Ex Post Facto Clause of the Pennsylvania Constitution. However, the Superior Court did not review the more expansive internet notification provision of SORNA, which differs from the internet notification provision of Megan's Law III in numerous respects. For instance, SORNA requires the PSP to publish: any "intended residences" of the offender; the offender's vehicle "[l]icense plate number and a description of a vehicle owned or operated;" a statement of whether the offender is a transient, incarcerated, or committed; and a list of the places transient offenders dwells, "eats, frequents and engages in leisure activities." 42 Pa. C.S. § 9799.28(b)(3)-(14). Furthermore, unlike Megan's Law III, SORNA requires the PSP to include the feature on the website that allows members of the public to receive notifications when a sexually

9

violent offenders moves. 42 Pa. C.S. § 9799.28(a)(1)(ii). Because of these differences, it is unclear the extent to which Ackley, a decision of the Superior Court, is applicable and persuasive here. See A.S. v. Pennsylvania State Police, 87 A.3d 914, 919 n.9, 929 (Pa. Cmwlth. 2014) (noting that "decisions by the Superior Court are not binding on this Court," but are considered "for their persuasive value").

Accordingly, at this early stage, we cannot say for certain that the provisions added since Petitioner was convicted in 2011 are not punitive and violate the Ex Post Facto Clause of the Pennsylvania Constitution. Thus, following the reasoning in Taylor, we overrule the PSP's POs to this claim.

## III. Due Process

Petitioner next alleges that the increase in his registration period violates his rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of Pennsylvania Constitution. (Petition for Review ¶ 9.) The PSP demurs to this allegation by alleging that Petitioner does not identify any interest protected by due process. (POs ¶ 42.)

We agree with the PSP. "[D]ue process is required under the Fourteenth Amendment of the United States Constitution only if the state seeks to deprive a person of a life, liberty or property interest." Pennsylvania Game Commission v. Marich, 666 A.2d 253, 255 (Pa. 1995). Because Petitioner alleges no deprivation of a life, liberty, or property interest, we sustain the PSP's PO to Petitioner's due process claim under the Fourteenth Amendment to the United States Constitution.

10

Similarly, Petitioner asserts no rights protected by Article I, Section 9 of the Pennsylvania Constitution.  Article I, Section 9 of our Constitution provides:

> In all *criminal prosecutions* the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

Pa. Const. art. I, § 9 (emphasis added).  Petitioner raises no claims that implicate a criminal prosecution; Petitioner's claims all address administrative action taken by the PSP well after Petitioner pleaded guilty to his crimes and was sentenced. Accordingly, the PSP's PO to this claim is sustained.

## IV.   Contract Claims

The core of the Petition for Review focuses on Petitioner's allegation that the terms of his plea agreement have been breached by the imposition of SORNA. Petitioner alleges that he is entitled to specific enforcement of his plea agreement as a matter of contract law and that the imposition of SORNA impairs the Commonwealth's obligations contained in the plea agreement in violation of the Contract Clauses of the United States and Pennsylvania Constitutions.  U.S. Const. art. I, § 10; Pa. Const. art. I, § 17.  The PSP objects to these claims by alleging that

11

it cannot be liable for breach of contract because it is not a party to Petitioner's plea agreement and, in the alternative, asserting sovereign immunity.

Petitioner's allegations focus on the terms of his plea agreement with the Commonwealth. The PSP's role in the SORNA statutory scheme is "more ministerial in nature than adjudicative." Commonwealth v. Cheeseboro, 91 A.3d 714, 721 (Pa. Super. 2014). Under SORNA, in instances where, as here, the offender was serving a term of probation at the time of SORNA's enactment, the PSP receives registration information from the "appropriate office of probation and parole" and determines the duration of an offender's registration based on the offense of conviction.[16] Section 9799.19(e.1)(1) and 9799.15 of SORNA, 42 Pa. C.S. §§ 9799.19(e.1)(1), 9799.15.

Upon receipt of information concerning an offender convicted of a sexually violent offense prior to the enactment of SORNA, the PSP may take one of three steps. If the sentencing order provided to the appropriate correctional institution, office or board of probation and parole, or PSP by the sentencing court includes a specific term of registration, the PSP is bound to apply the registration term included in the sentence and nothing more. McCray v. Pennsylvania Department of Corrections, 872 A.2d 1127, 1133 (Pa. 2005) (executive branch agencies "lack[] the power to adjudicate the legality of a sentence or to add or delete sentencing conditions"). If, however, the sentencing order is unclear or ambiguous, the PSP

---

[16] Those individuals convicted of a sexually violent offense after the enactment of SORNA are classified under SORNA's three-tier system by the sentencing court. Section 9799.23(a)(6), 42 Pa. C.S. § 9799.23(a)(6).

may seek guidance from the sentencing court and/or other appropriate entities before applying the registration period upon a sexual offender. See Section 9799.16(d) of SORNA, 42 Pa. C.S. § 9799.16(d) (stating that "[t]here shall be cooperation between the [PSP], State and county correctional institutions, the Pennsylvania Board of Probation and Parole, the county office of probation and parole, any court with jurisdiction over a sexual offender . . . to ensure" that information is collected and placed on the registry.). Finally, if, the sentencing order is silent on the term of registration imposed upon the offender, the PSP must apply the appropriate registration period based on the offense of conviction as required by Section 9799.15 of SORNA, 42 Pa. C.S. § 9799.15.

In all three circumstances, the PSP has *no* duty to inquire into the content or intent of any underlying plea agreement. The PSP is not a party to the plea agreement and disputes over the alleged breach of a plea agreement, and the impact of the plea agreement on a sexually violent offender's duty to register with the PSP, are properly resolved through the criminal justice system in the appropriate sentencing court. See Commonwealth v. Bundy, 96 A.3d 390, 394 (Pa. Super. 2014) (discussing the procedure for challenging the retroactive application of SORNA's registration requirement in light of a plea agreement); see also Commonwealth v. Partee, 86 A.3d 245, 247 (Pa. Super.), appeal denied, 97 A.3d 744 (Pa. 2014) (concluding that a challenge to the duration of SORNA's registration requirement in light of a plea agreement was "properly reviewed as a petition for *habeas corpus*" (emphasis in original)). When determining whether a plea agreement has been breached, sentencing courts "look to what the parties to this plea agreement reasonably understood to be the terms of the agreement" based

13

on the "totality of the surrounding circumstances." Commonwealth v. Hainesworth, 82 A.3d 444, 447 (Pa. Super. 2013) (internal quotations omitted). See also Commonwealth v. Nase, 104 A.3d 528, 534 (Pa. Super. 2014) (interpreting a plea agreement through use of contract principles and concluding that the appellant's "registration consequences were unequivocally part of the plea negotiations and arrangement"). Such disputes should name the Commonwealth as the defendant as it is the Commonwealth, acting through the appropriate prosecutor, not the PSP, who is a party to the plea agreement.

Here, Petitioner makes no allegation in his Petition for Review regarding the content of his sentencing order or the PSP's application thereof. Accordingly, because the PSP was not a party to Petitioner's plea agreement, we sustain the PSP's PO alleging that it cannot be liable for breach of Petitioner's plea agreement with the Commonwealth. Petitioner may, however, assert his contract-related claims against the Commonwealth in the appropriate court of common pleas.

## V. Conclusion

For the foregoing reasons, we hold as follows: (1) the PSP's PO in the nature of a demurrer alleging that Petitioner failed to state a claim because Petitioner is properly classified under SORNA is overruled; (2) the PSP's PO in the nature of a demurrer alleging that Petitioner's claims are barred by the applicable statute of limitations and that mandamus will not lie against the PSP because the PSP is incapable of providing the relief requested is overruled; (3) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim challenging SORNA's internet notification provision under the Ex Post Facto Clause of the Pennsylvania Constitution is overruled; (4) the PSP's PO in the

14

nature of a demurrer alleging that Petitioner has not stated a claim challenging SORNA's registration requirements under the Ex Post Facto Clause of the Pennsylvania Constitution is sustained; (5) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim under the Ex Post Facto Clause of the United States Constitution is sustained; (6) the PSP's PO in the nature of a demurrer to Petitioner's due process challenge under the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution is sustained; (7) the PSP's PO in the nature of a demurrer to Petitioner's request for specific enforcement of his plea agreement is sustained; and (8) the PSP's PO in the nature of a demurrer to Petitioner's challenge to SORNA under the Contract Clauses of the United States and Pennsylvania Constitutions is sustained.

_____
**RENÉE COHN JUBELIRER, Judge**

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Dougherty,            :
                                :
                Petitioner      :
                                :
        v.                      :        No. 537 M.D. 2014
                                :
The Pennsylvania State Police of the  :
Commonwealth of Pennsylvania,   :
                                :
                Respondent      :

## **O R D E R**

**NOW**, April 27, 2016, the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Petition for Review in the above-captioned matter are **OVERRULED**, in part, and **SUSTAINED**, in part, as follows:

(1) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that Joseph J. Dougherty (Petitioner) was properly classified under the Sexual Offender Registration and Notification Act (SORNA) is **OVERRULED**;

(2) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that the claims asserted are barred by the applicable statute of limitations is **OVERRULED**;

(3) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that mandamus will not lie against the PSP is **OVERRULED**;

(4) The PSP's preliminary objection in the nature of a demurrer to Petitioner's ex post facto challenge to SORNA's internet notification provision, 42 Pa. C.S. § 9799.28(a), under the Pennsylvania Constitution as set forth in the Amended Petition for Review is **OVERRULED**;

(5) The PSP's preliminary objections are **SUSTAINED** with regard to the remaining claims set forth in the Amended Petition for Review;

(6) Petitioner's claims that he is entitled to specific enforcement of his plea agreement pursuant to contract law and that the application of SORNA upon him violates the Contract Clauses of the United States and the Pennsylvania Constitutions are **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file an action asserting such claims in the appropriate court of common pleas;

(7) Petitioner's remaining claims are **DISMISSED WITH PREJUDICE**; and

(8) The PSP shall file an Answer to Petitioner's claims, set forth in Petitioner's Amended Petition for Review, that SORNA's internet

notification provision, 42 Pa. C.S. § 9799.28(a), violates the Ex Post Facto Clause of the Pennsylvania Constitution within thirty (30) days of the date of this Order.

_____

**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Dougherty, : 
                Petitioner : 
            : 
          v. : No. 537 M.D. 2014
            : Argued: September 16, 2015
The Pennsylvania State Police of the : 
Commonwealth of Pennsylvania, : 
          Respondent : 


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge


**CONCURRING AND DISSENTING**
**OPINION BY JUDGE LEADBETTER**        **FILED: April 27, 2016**


I must respectfully dissent, in part, because I do not believe that the internet notice provision of SORNA implicates the ex post facto clause. Rather, I would follow the reasoning of our sister court in *Commonwealth v. Ackley,* 58 A.3d 1284, 1286-87 (Pa. Super. 2012) (citing *Commonwealth v. Williams,* 832 A.2d 962 (Pa. 2003)). Accordingly, I would sustain that preliminary objection. Otherwise, I concur in the results reached by the majority.


                      _____
                      **BONNIE BRIGANCE LEADBETTER,**
                      Judge