J-S43042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DALVIN MARTINEZ-OLACIO | : | |
| | : | |
| Appellant | : | No. 468 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 6, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003325-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: APRIL 27, 2020**

Appellant, Dalvin Martinez-Olacio, appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County after the court accepted his guilty plea on two counts of Robbery-Inflict or Threaten Bodily Injury[1] and two counts of Indecent Assault-Without Consent.[2]  The court also deemed Appellant a Sexually Violent Predator ("SVP") after a hearing conducted under a clear-and-convincing-evidence standard pursuant to the dictates of the current version of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA II"), 42 Pa.C.S. § 9799.10 *et seq*.

At sentencing, Appellant received an aggregate term of two to four years' incarceration, to be followed by four years of special probation and

---

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

[2] 18 Pa.C.S. § 3126(a)(1).

---

\*   Former Justice specially assigned to the Superior Court.

lifetime registration under SORNA II as an SVP, with the possibility of obtaining an exemption from such registration requirements after 25 years if he proves he meets certain conditions. **See** Section 9799.15(a)(2), (a.2).

Herein, Appellant challenges the constitutionality of the SORNA II regulatory scheme implementing a clear-and-convincing evidence standard for an SVP determination that results in increased registration, notification, and counseling (RNC) requirements. In light of our Supreme Court's recent decision in **Commonwealth v. Butler**, 25 WAP 2018, --- A.3d ---- (Pa. Mar. 26, 2020) (**Butler II**), which held that RNC requirements for SVPs under SORNA are not punishment, such that SVP assessment by clear and convincing evidence standard is constitutional, we conclude that Appellant's SVP designation was constitutional under SORNA II.

Appellant's convictions stem from two robberies he committed within a 24-hour period in April of 2017. In his first robbery, Appellant took $15.00 cash from a woman while threatening her with bodily injury. In the course of committing this crime, he grabbed the victim's buttocks for the purpose of his own arousal without her consent. In the second robbery, Appellant took $5.00 cash and a gold watch from a woman while threatening her with bodily injury. During this robbery, Appellant touched intimate parts of the victim's body for the purpose of his own arousal without her consent.

On May 4, 2017, authorities filed a criminal complaint against Appellant, and he pleaded guilty to the above-mentioned charges on June 11, 2018. On the same day, the court ordered the Sex Offender Assessment Board ("SOAB")

to perform a sexually violent predator assessment of Appellant pursuant to Section 9799.24 of SORNA II, Subchapter H of Act 29. On February 6, 2019, after receiving the SOAB assessment, the court conducted a hearing pursuant to Section 9799.24(e) and concluded that clear and convincing evidence established Appellant was an SVP subject to the RNC requirements for SVPs under Subchapter H. Following the denial of Appellant's post-sentence motion, Appellant filed this timely direct appeal.

Appellant raises one issue for our review:

> [Is] 42 Pa.C.S. § 9799.24 [ ] unconstitutional where it increases the length of a criminal punishment on a finding that an offender is a sexually violent predator on the mere basis of clear and convincing evidence, violating the due process clause of the Fourteenth Amendment to the United States Constitution[?]

Appellant's brief, at 4.

To support his claim, Appellant relies on our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and this Court's subsequent decision in *Commonwealth v. Butler*, 173 A.3d 1212, 1218 (Pa. Super. 2017). Appellant asserts these cases hold that the current procedure for SVP designation is unconstitutional.

In addressing Appellant's challenge, we find salient the following summary discussing the evolution of sex offender registration schemes leading up to SORNA II and explaining how judicial decisions have reviewed the constitutionality of each one:

> Courts have also referred to SORNA as the Adam Walsh Act. SORNA [I was] the General Assembly's

- 3 -

fourth enactment of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000[,] in response to Megan's Law I being ruled unconstitutional by our Supreme Court in ***Commonwealth v. Williams***, ... 557 Pa. 285, 733 A.2d 593 ([Pa.] 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in ***Commonwealth v. Gomer Williams***, ... 574 Pa. 487, 832 A.2d 962 ([Pa.] 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA [I] on December 20, 2011[,] with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA [I] went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. [***Commonwealth***] ***v. Neiman***, ... 624 Pa. 53, 84 A.3d 603, 616 ([Pa.] 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA [I].

***M.S. v. Pennsylvania State Police***, 212 A.3d 1142, 1143 n.1 (Pa.Cmwlth. 2019) (quoting ***Dougherty v. Pennsylvania State Police***, 138 A.3d 152, 155 n.8 (Pa.Cmwlth. 2016) (*en banc*)).

SORNA I also failed to withstand constitutional scrutiny. In ***[Muniz, supra]***, our Supreme Court held that

1) SORNA's registration provisions constitute punishment notwithstanding the General Assembly's identification of the provisions as nonpunitive; 2) retroactive application of SORNA's registration provisions violates the federal *ex post facto* clause;

and 3) retroactive application of SORNA's registration provisions also violates the *ex post facto* clause of the Pennsylvania Constitution.

> *Id.* at 1193. The **Muniz** Court deemed SORNA I's registration provisions to be punitive by applying the seven-factor test established in **Kennedy v. Mendoza–Martinez**, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

> Applying **Muniz**, in conjunction with **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), this Court deemed unconstitutional the SVP assessment provision of SORNA I, 42 Pa.C.S. § 9799.24, because "it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Commonwealth v. Butler**, 173 A.3d 1212, 1218 (Pa. Super. 2017), *reargument denied* (Jan. 3, 2018), *appeal granted*, 190 A.3d 581 (Pa. 2018).

**Commonwealth v. Cosby**, --- A.3d. ----, 2019 WL 6711477 (Pa.Super. filed December 10, 2019).

In response to **Muniz** and **Butler**, our General Assembly amended SORNA with legislation, "Act 10" on February 21, 2018, amended and reenacted as "Act 29" on June 12, 2018 (hereinafter "SORNA II"), with the stated intent to "address the Pennsylvania Supreme Court's decision in … **Muniz** …, and the Pennsylvania Superior Court's decision in ... **Butler**...." **See** 42 Pa.C.S. § 9799.51(d)(4).[3] Significantly for purposes of the instant

---

[3] The General Assembly divided SORNA II into two distinct subchapters— Subchapter H, which applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted[,]" 42 Pa.C.S. § 9799.11(c), and Subchapter I, which applies to individuals who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," and whose period of registration has not yet expired or whose registration requirements under a former sexual

- 5 -

case, SORNA II did not amend the SVP procedures of 42 Pa.C.S.A. § 9799.24, the statute pursuant to which the trial court, in this case, designated Appellant an SVP.

Instantly, Appellant claims that because the RNC provisions of SORNA II are punitive under *Muniz*, it follows that the SVP assessment procedure under the statutory scheme violates *Butler*, as the designation turns on a clear and convincing standard of proof rather than on a beyond a reasonable doubt standard.

On March 26, 2020, however, the Pennsylvania Supreme Court reversed this Court's *Butler* decision. In *Butler II*, our Supreme Court held that the RNC requirements "applicable to SVPs do not constitute criminal punishment," such that SORNA's procedural mechanism for designating sex offenders as SVPs set forth in Section 9799.24 does not violate "the principles set forth in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2013)] or *Alleyne*[.]" *Id.* at 30-31 (citing *Commonwealth v. Lee*, 935 A.2d 865, 880 (Pa. 2007) (*Apprendi* claims cannot succeed where sanctions do not constitute punishment)). The Supreme Court explained:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is

offender registration law have not expired. 42 Pa.C.S. § 9799.52. As Appellant committed his offenses in 2017, Subchapter H applies to his case.

especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

*Id.* at 30 (citation omitted).

In light of our Supreme Court's decision in **Butler II**, we conclude that the procedure by which the trial court imposed Appellant's SVP designation was constitutional. Accordingly, Appellant's challenge is without merit.

Judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/2020