# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

N. D.,                                          :
              Petitioner          :
                                 :
      v.                               :  No.  503 M.D. 2020
                                 :  Submitted:  May 14, 2021
Pennsylvania State Police,                      :
              Respondent          :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON            FILED:  August 12, 2021

N.D., *pro se*, filed a petition for review and an application for special and summary relief in the nature of mandamus with this Court against the Pennsylvania State Police (PSP),[1] challenging its enforcement of Megan's Law[2]

---

[1] The PSP did not file a brief.  Per this Court's April 30, 2021 Order granting N.D.'s Application for Relief, we dispose of this matter in the absence of the PSP's brief.  *See* Cmwlth. Ct. Order, 04/30/2021.  Thus, all factual statements and representations are based solely on N.D.'s assertions.

[2] Sex Offender Registration and Notification Act (SORNA II), 42 Pa. C.S. §§9799.10 - 9799.75.

Pursuant to the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which held the registration requirements of Pennsylvania's SORNA statute were unconstitutional because they violated the constitutional prohibition against *ex post facto* laws, the General Assembly amended SORNA by the Act of February 21, 2018, P.L. 27, No. 10

against him following his December 5, 1990 rape conviction. Under the provisions of Megan's Law, or SORNA, N.D. is required to report and register as a sex offender, among other obligations, and N.D. alleges that these requirements violate his federal and state constitutional rights because, in the instant case, the application of SORNA is *ex post facto*. Upon review, we deny N.D.'s Application for Special and Summary Relief in the Nature of Mandamus.

---

(Act 10). The Act of June 12, 2018, P.L. 140, No. 29 (Act 29), reenacted and amended various provisions of Act 10. The provisions of Act 10 and Act 29 may collectively be referred to as SORNA II.

The development of the law in the Commonwealth, leading up to SORNA, was addressed by this Court in *Dougherty v. Pennsylvania State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016). In *Dougherty*, we stated:

> Courts have also referred to SORNA as the Adam Walsh Act. SORNA was the General Assembly's fourth enactment of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II[, the Act of May 10, 2000, P.L. 74,] was enacted on May 10, 2000[,] in response to Megan's Law I being ruled unconstitutional by our Supreme Court in *Commonwealth v. Williams*, [733 A.2d 593 (Pa. 1999)]. Our Supreme Court held that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Gomer Williams*, [832 A.2d 962 (Pa. 2003)], and the General Assembly responded by enacting Megan's Law III[, the Act of November 24, 2004, P.L. 1243]. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011[,] with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. §9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution [(Pa. Const. art. III, § 3)]. *Commonwealth v. Neiman*, [84 A.3d 603, 616 (Pa. 2013)]. However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

*Dougherty*, 138 A.3d at 155 n.8.

# I. Background

N.D. was arrested on June 30, 1989, and convicted of rape and other related charges on December 5, 1990. Petition for Review (Petition) ¶3. N.D. was granted parole in 2009. N.D.'s Br. at 3. On or about April 28, 2016, N.D. was arrested and subsequently convicted for noncompliance with SORNA registration requirements. He was sentenced to approximately one to three years' imprisonment. *Id.*

On or about May 11, 2018, N.D. was released from prison as a result of our Supreme Court's holding in *Muniz.* 164 A.3d 1189. Because our Supreme Court held that SORNA violated the *ex post facto* clauses of both our federal and state constitutions,[3] N.D. was no longer required to serve his sentence associated with noncompliance with SORNA. *See* N.D.'s Br. at 3.

Upon his release, N.D. was once again required to register and report to the PSP in keeping with SORNA requirements. N.D.'s Br. at 3. Per N.D.'s account, he has complied "dutifully to date" with his SORNA obligations, including in person reporting and registration at an approved registration site annually for life. N.D. notes that registration entails fingerprinting, being photographed, and establishing residence and place of employment. Petition ¶7. N.D.'s changes of address, employment, and school enrollment status must also be reported. Petition ¶8. N.D. must also provide personal information including: his phone number, email address, social media accounts, and all vehicles, including where they are parked. Petition ¶10. Further, if N.D. should become homeless, he is required to list where he eats, frequents, engages in leisure activities, and any planned destinations. Petition ¶9.

---

[3] *See* U.S. Const. art. I, §10; Pa. Const. art. I, §17.

N.D. attached his signed acknowledgment of SORNA requirements, dated October 7, 2019, to his Petition. Petition, Ex. A. The sexual offender requirements describe that N.D.'s name, address, and other identifying factors will be disseminated to law enforcement agencies. Petition ¶12. Additionally, notice is provided that certain other personal information is made available to the public on the Megan's Law website. *Id.* Failure to comply with these provisions "will subject [N.D.] to arrest and felony prosecution pursuant to 18 Pa.C.S. §§4915.1 or 4915.2 [outlining failure to comply penalties]." Petition ¶11. N.D. asserts that the requirements imposed by SORNA are unconstitutional and petitions this Court for review and requests special and summary relief in the nature of mandamus.[4]

## II. Discussion

N.D. contends that both the United States Constitution and the Pennsylvania Constitution prohibit *ex post facto* laws. Further, in N.D.'s view, SORNA constitutes an *ex post facto* law, and thus, is unconstitutional under both our federal and state constitutions. In support of his claim, N.D. relies almost exclusively on this Court's opinion in *T.S. v. Pennsylvania State Police*, 231 A.3d 103 (Pa. Cmwlth. 2020), which held that Subchapter I of SORNA (related to continued registration of sexual offenders) was punitive as applied to the petitioner. However, in *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020), our Supreme Court reversed the prior decision of our Court and determined that the

---

[4] "An application for summary relief is appropriate where a party asserts a challenge to the constitutionality of a statute and no material facts are in dispute." *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018) (internal citations omitted). This Court "may grant summary relief where the dispute is legal rather than factual, but not where there are disputes of fact" and "when the applicant's right to relief is clear." *Id.* This Court "review[s] the record in the light most favorable to the opposing party and resolve[s] all doubts concerning the existence of a genuine issue of material fact in favor of that party." *Id.*

4

application of SORNA to individuals, such as N.D., who committed their offenses prior to the enactment of any sexual registration scheme, did not violate *ex post facto* prohibitions.

In *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), our Supreme Court once again determined that Subchapter I of SORNA is nonpunitive, and its retroactive application does not violate the constitutional prohibition against *ex post facto* laws. In *Lacombe*, the petitioners argued that, because their offenses occurred before Subchapter I of SORNA took effect, its retroactive application constituted an *ex post facto* violation under *Muniz*. However, Act 10 and Act 29 were enacted after *Muniz* to address the constitutional infirmities of SORNA as identified by our Supreme Court. In Act 10 and Act 29, the General Assembly made clear its intent that Subchapter I of SORNA is nonpunitive. 42 Pa. C.S. §9799.51(b)(2).[5]

Similarly, in the instant case, N.D. cites our Supreme Court's decision in *Muniz*, which held that SORNA I violated the constitutional prohibition on *ex post facto* laws. However, N.D. is not currently subject to this previous iteration of SORNA, but, instead, is subject to its successor, SORNA II, which, in 2018, amended and reenacted various provisions of SORNA. Most importantly to this

---

[5] 42 Pa.C.S. §9799.51(b)(2) states:

> (b) Declaration of policy.--It is hereby declared to be the intention of the General Assembly to:
> . . . .
> (2) Require the exchange of relevant information about sexually violent predators and offenders among public agencies and officials and to authorize the release of necessary and relevant information about sexually violent predators and offenders to members of the general public, including information available through the publicly accessible Internet website of the Pennsylvania State Police, as a means of assuring public protection **and shall not be construed as punitive.**

(Emphasis added.)

case, SORNA II has recently been deemed constitutional and not a violation of the prohibition of *ex post facto* laws by our Supreme Court, particularly through its decision in *Lacombe* and its reversal of this Court's decision in *T.S.*

N.D. asks this Court, through his Application for Special and Summary Relief in the Nature of Mandamus, to require the PSP to remove his name from SORNA's sex offender registry and to issue an injunction enjoining further application of SORNA to him. Mandamus is an extraordinary writ designed to compel the performance of a ministerial act or mandatory duty. *Duncan v. Pa. Dep't of Corr.*, 137 A.3d 575 (Pa. 2016); *Allen v. Dep't of Corr.*, 103 A.3d 365 (Pa. Cmwlth. 2014). "This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondent] possesses a corresponding duty to perform the act; and (3) the petitioner possesses no other adequate or appropriate remedy." *Allen*, 103 A.3d at 369-70 (internal citation omitted). "Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases." *Allen*, 103 A.3d at 370 (internal citation omitted).

In consideration of the criteria for a grant of mandamus, N.D. does not possess a clear legal right to the relief sought, nor does the PSP have a corresponding duty to provide the requested relief. N.D. relies exclusively on prior iterations of SORNA and dated case law to argue that his federal and state constitutional rights have been violated by the imposition of SORNA. Our Supreme Court has recently held in *Lacombe* and *T.S.* that SORNA does not constitute an *ex post facto* law. Thus, as applied to N.D., SORNA is constitutional, and we cannot compel the PSP, through mandamus, to cease its enforcement of SORNA and its accompanying requirements, including registration as a sex offender, against N.D.

## III. Conclusion

For the foregoing reasons, we deny N.D.'s Application for Special and Summary Relief.

_____
J. ANDREW CROMPTON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

N. D.,                                    :
                    Petitioner            :
                                          :
        v.                                :    No.  503 M.D. 2020
                                          :
Pennsylvania State Police,                :
                    Respondent            :

# **O R D E R**

     **AND NOW**, this 12th day of August 2021, we **DENY** N.D.'s Application for Special and Summary Relief in the Nature of Mandamus.

 

                                  _____

                                  J. ANDREW CROMPTON, Judge