IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.B.,                                          :
                    Petitioner                 :
                                               :
          v.                                   :     No. 341 M.D. 2020
                                               :
The Pennsylvania State Police,                 :     Submitted: February 6, 2024
                    Respondent                 :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                            FILED: March 18, 2024


          Before this Court in our original jurisdiction is an Application for Summary Relief (Application) filed by S.B. (Petitioner), proceeding *pro se*, in connection with his petition for review filed against the Pennsylvania State Police (PSP) seeking removal of his name from PSP's sex offender registry pursuant to the Sexual Offender Registration and Notification Act (SORNA), Act of February 21, 2018, P.L. 27, No. 10, *as amended* by the Act of July 12, 2018, P.L. 140, No. 29 (SORNA II).[1]  In support of his claim, Petitioner asserts that because his plea agreement expressly stated that Megan's Law[2] was not applicable, PSP is violating his plea

---

[1] 42 Pa.C.S. §§ 9799.10-9799.75.

[2] Megan's Law I, *formerly* 42 Pa.C.S. §§ 9791-9799.6, in 1995, followed five years later, in 2000, by what is commonly known as Megan's Law II, *formerly* 42 Pa.C.S. §§ 9791-9799.7.  In 2004, the General Assembly enacted what is commonly known as Megan's Law III, *formerly* 42 Pa.C.S. §§
**(Footnote continued on next page…)**

agreement by requiring him to register. Essentially, Petitioner is asking that we enforce his plea agreement against PSP. We deny Petitioner's Application.

## I. Facts and Procedural Background

On December 4, 1996, Petitioner was arrested and charged with rape, involuntary deviate sexual intercourse, indecent assault, and corruption of minors. On August 29, 1997, Petitioner entered a plea of *nolo contendere* to all charges except for the rape charge, which was *nolle prossed*. The Court of Common Pleas of York County sentenced Petitioner to 2 1/2-6 years' incarceration. The written colloquy signed by Petitioner contained the following language:



```
29.      Have you and/or your attorney agreed with the Assistant
District Attorney concerning the particular charges to which you
will plead or the length of sentence that will be imposed on these
                                      Nolo
charges in return for your pleading guilty?____YES_____
30.      If your answer to number 29 was yes, state the agreement.
___Set term of sentence @ 2½ years to 6 years on a nolo
_plea. Nol prosse on the rape. Inapplicability of sexual predator
provision of Megan Law.—
                                    SB
                                  Initial
```

The trial court's August 29, 1997 sentencing order stated "[t]his is not a Megan's Law case by virtue of the time at which the incidents are alleged to have occurred." (Petitioner's Br., Ex. B.) The date of the incident was January 1, 1996. Before his release on parole in May 2001, Petitioner registered with PSP as a lifetime sex offender.

9791-9799.9, which remained in effect until the enactment of the Sexual Offender Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41, in 2012. On July 19, 2017, the Pennsylvania Supreme Court decided *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), in which it held that a portion of SORNA I violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions by increasing registration obligations on certain sex offender registrants. Thereafter, in 2018, to clarify that sex offender registration provisions were not *ex post facto* punishment, the General Assembly enacted SORNA II.

Petitioner initiated this action, through counsel on June 9, 2020, filing a Petition for Review and naming PSP as the sole respondent. Following the decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), Petitioner twice amended his petition, filing his First Amended Petition for Review on July 21, 2020 and his Second Amended Petition for Review on November 11, 2020. On November 11, 2021, Petitioner filed an Application for Summary Relief. On December 14, 2021, PSP filed its answer to the Second Amended Petition. Shortly thereafter Petitioner's counsel, who had been elected judge, sought and was granted permission to withdraw his appearance. On March 31, 2023, Petitioner, *pro se*, filed a brief in support of the Application along with supporting documents, including (1) a sentencing order from August 29, 1997, (2) a written guilty plea colloquy, and (3) a letter from PSP affirming the requirement to register with Megan's Law. On July 10, 2023, PSP filed a brief in opposition to Petitioner's Application.

## II. Issue

Petitioner does not argue that Megan's Law violates the *ex post facto* law as applied to him, but rather he asserts that because his 1997 plea agreement contained a negotiated condition of inapplicability of Megan's Law to his case, his registration with the PSP as a sex offender violates the plea agreement, and he should be removed from the registry.

### III. Discussion[3]

Petitioner's offenses occurred on January 1, 1996, prior to the effective date of Megan's Law I of April 22, 1996. *See* 42 Pa.C.S. § 9799.55(b). However, Petitioner does not dispute that the Supreme Court has held that application of Subchapter I of SORNA II[4] to those who committed their offenses before any sex offender registry existed (before April 22, 1996) does not violate their constitutional rights. *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020). Petitioner's sole argument is that his plea agreement was structured so that he would not have to register, that non-registration was a material part of his plea bargain, and that he is entitled to specific performance of that plea bargain. Petitioner states that when he was released on parole and received notice from PSP to register his current residence and employment address, he was under impression those were parole conditions and were not associated with Megan's Law. (Petitioner's Br., at 7.) Petitioner acknowledges that SORNA II would otherwise apply to him; however, he argues that due to the agreed upon conditions of his plea bargain, the registration is not applicable in his case.

---

[3] This Court may grant an application for summary relief if the party's right to judgment is clear, and no material issues of fact are in dispute. *Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018); Pa.R.A.P. 1532(b). In considering an application for summary relief, the record includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses. *Summit School, Inc. v. Department of Education*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). "When ruling on an application for summary relief, we must view the evidence of the record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Gregory*, 185 A.3d at 1205 (internal quotation and citation omitted). Because there are no material facts in dispute, we examine whether Petitioner's right to judgment is clear as a matter of law. *Id.* at 1205 n.5; Pa.R.A.P. 1532(b).

[4] Subchapter I of SORNA II, titled "Continued Registration of Sex Offenders," provides, in relevant part, that its provisions shall apply to individuals who were "required to register with [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired." 42 Pa. C.S. § 9799.52(2).

Petitioner is asking for this Court to hold that the trial court's August 29, 1997 sentencing order was a binding contract, and PSP violated his plea agreement by imposing a registration requirement on him. In essence, Petitioner asks this Court to enforce his plea agreement against PSP. Petitioner's argument fails.

In *Dougherty v. Pennsylvania State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016), a petitioner argued that his plea agreement was conditioned on his registration as a sex offender for ten years only. Petitioner asserted, *inter alia*, that the terms of his plea agreement were breached by the imposition of SORNA which required him to register for a longer period of 25 years. PSP filed preliminary objections alleging that the petitioner's contract-based claims failed because PSP was not a party to the plea agreement. In sustaining PSP's preliminary objections, this Court explained that "it is the Commonwealth, acting through the appropriate prosecutor, not the PSP, [that] is a party to the plea agreement." *Id.* at 160. We determined:

> [T]he PSP has **no** duty to inquire into the content or intent of any underlying plea agreement. The PSP is not a party to the plea agreement and disputes over the alleged breach of a plea agreement, and the impact of the plea agreement on a [sex offender's] duty to register with the PSP, are properly resolved through the criminal justice system in the appropriate sentencing court.

*Id.* (emphasis in original). *Dougherty* continues to remain valid precedent despite recent changes in the landscape of sex offender registration. *See Huu Cao v. Pennsylvania State Police* (Pa. Cmwlth., No. 512 M.D. 2015, filed October 16, 2019); *Huyett v. Pennsylvania State Police* (Pa. Cmwlth., No. 516 M.D. 2015, filed August 17, 2017).

Here, as in *Dougherty*, PSP was not a party to Petitioner's plea agreement. Because Petitioner's breach of contract claim is premised on the terms of his plea agreement, any dispute regarding those terms must involve **the Commonwealth**, not

5

PSP. Furthermore, because the agreement was silent on the matter of registration, PSP, here, must apply the appropriate registration based on Petitioner's conviction established in 42 Pa.C.S. §§ 9799.15, 9799.55. *See W.W. v. Pennsylvania State Police* (Pa. Cmwlth., No. 239 M.D. 2020, filed Jan. 15, 2021); *Dougherty*. Thus, we must reject Petitioner's argument.

## IV. Conclusion

Accordingly, we deny Petitioner's Application.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.B.,                                    :
                Petitioner           :
                                     :
      v.                       :    No. 341 M.D. 2020
                                     :
The Pennsylvania State Police,           :
            Respondent           :

## ***ORDER***

      AND NOW, this 18th day of March, 2024, Petitioner's Application for Summary Relief is hereby DENIED.

 

                                  _____
                                  PATRICIA A. McCULLOUGH, Judge