J-S44044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE DENTON MARTIN | : | |
| | : | |
| Appellant | : | No. 590 MDA 2020 |

Appeal from the PCRA Order Entered March 23, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004746-2012

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED JANUARY 22, 2021**

George Denton Martin (Appellant) appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas dismissing, as an untimely fifth Post Conviction Relief Act[1] (PCRA) petition, his motion to enforce a plea agreement term to register under Megan's Law III.[2] On appeal, Appellant argues his motion should have been reviewed outside the scope of the PCRA.[3] We agree with this contention, but affirm the dismissal of the petition on the merits.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9791 to 9799.75 (expired).

[3] The Commonwealth has filed a letter, stating it will not file a brief.

On February 27, 2013,[4] Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse (IDSI) with a child, indecent assault of a person less than 13 years old, corruption of minors, and unlawful contact with a minor.[5] The underlying offenses were committed in December of 2011. Pursuant to the plea agreement, the trial court imposed an aggregate sentence of eight to 20 years' incarceration.

We further note the following. As Appellant avers in the instant motion, at the time of his guilty plea, the first Sexual Offender Registration and Notification Act[6] (SORNA I) had already been in effect for two months. **See Dougherty v. Pa. State Police**, 138 A.3d 152, 155 n.8 (Pa. Cmwlth. 2016) ("SORNA went into effect . . . on December 20, 2012.").[7] Nevertheless: at the plea hearing, the parties and trial court referred to the application of Megan's Law; the "Sentencing Conditions Order" accompanying the sentencing order indicates that "Megan's Law applies;" and a "Notification of Registration Requirements," signed by the parties and the court, cited sections

---

[4] It appears the cover sheet of the plea hearing transcript misstates the date of the hearing as February **13**, 2013. For ease of review, however, for citation purposes only, we employ the February 13th date that is on the cover.

[5] 18 Pa.C.S. §§ 3123(b), 3126(a)(7), 6301(a)(1)(ii), 6318(a)(1).

[6] **See** 42 Pa.C.S. §§ 9799.10 to 9799.41.

[7] "Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value." **Commonwealth v. Heredia**, 97 A.3d 392, 395 n.4 (Pa. Super. 2014).

of Megan's Law III. **See** N.T., 2/13/13, at 2, 22; Sentencing Conditions Order & Notification of Registration Requirements (both filed along with Sentencing Order, 2/27/13). However, neither the written plea agreement, nor the oral recitation of the plea agreement, included any agreement as to sexual offender registration. **See** Plea Agreement (filed along with Sentencing Order, 2/27/13); N.T., 2/13/13, at 3-4. In any event, Appellant was directed to register under Megan's Law for life. Notification of Registration Requirements (filed along with Sentencing Order, 2/27/13), *citing* 42 Pa.C.S. §§ 9795.1, 9795.2, 9795.3 (expired). He did not take a direct appeal.

On March 25, 2014, Appellant filed a counseled PCRA petition, raising claims of plea counsel's ineffectiveness; we note none related to his sexual offender registration requirements. **See** Appellant's Petition for Post Conviction Relief, 3/25/14, at 2-3 (unpaginated). Following an evidentiary hearing, the PCRA court denied the petition. On appeal, this Court affirmed on February 11, 2015. **Commonwealth v. Martin**, 1441 MDA 2014 (unpub. memo.) (Pa. Super. Feb. 11, 2015).

On July 26, 2017, Appellant filed a *pro se*, second PCRA petition, seeking withdrawal of his guilty plea on grounds, *inter alia*, he was misinformed about his sentence. **See** Appellant's 2nd Petition for Post-Conviction Collateral Relief, 7/26/17, at 2, 4-5; Rule 907 Notice, 8/30/17, at 3. He then filed an additional motion, which sought relief under the Supreme Court of Pennsylvania's then-recent ruling in **Commonwealth v. Muniz**, 164 A.3d

1189, 1218, 1223 (Pa. 2017) (retroactive application of SORNA's registration and reporting requirements violated *ex post facto* clauses of United States and Pennsylvania Constitutions). **See** Appellant's Motion for Continuance to Amend/Supplement the PCRA Filed 7-26-17, 8/16/17, at 1; Rule 907 Notice, 8/30/17, at 9 n.8. The PCRA court dismissed the petition on October 3, 2017, and Appellant appealed. While the appeal was pending, Appellant filed a *pro se* "Motion to Enforce Plea Agreement" on January 23, 2018, arguing his plea agreement terms included registration under Megan's Law, and thus he should be required to register under Megan's Law only.[8] This Court affirmed the dismissal of the second PCRA petition, agreeing with the PCRA court that the petition was an untimely filed PCRA petition. **Commonwealth v. Martin**, 1545 MDA 2017 (unpub. memo.) (Pa. Super. Oct. 11, 2018).

We note that in 2018, the General Assembly amended SORNA I by enacting Acts 10 and 29 of 2018[9] (SORNA II). Under Subchapter H of SORNA II, Appellant's conviction of IDSI subjects him to lifetime registration.[10] His

---

[8] **But see Commonwealth v. Montgomery**, 181 A.3d 359, 364-65 (Pa. Super. 2018) (*en banc*) ("[A] PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final[.]").

[9] **See** Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29). SORNA II is promulgated at 42 Pa.C.S. §§ 9799.10 through 9799.75.

[10] **See** 42 Pa.C.S. §§ 9799.52(1) (Subchapter H applies to individuals convicted of a sexually violent offense committed after April 22, 1996, but

convictions of indecent assault of a person less than 13 years old, graded as a misdemeanor of the first degree, and unlawful contact with a minor subject him to a period of 10 years' registration.[11]

Appellant filed a third PCRA petition on December 21, 2018, alleging the enactment of SORNA II illegally and unconstitutionally modified his plea agreement. The PCRA court denied this petition. Appellant filed a timely appeal, docketed in this Court at 669 MDA 2019. However, on May 10, 2019, Appellant filed a *pro se* praecipe to terminate the appeal because it was "unnecessary" and "[a]nother petition has been filed in the [PCRA] court." Appellant's Termination of Appeal, 5/10/19, 669 MDA 2019.

Meanwhile, on May 1, 2019, Appellant filed a *pro se* "Motion to enforce plea agreement/Writ of Habeas Corpus." Therein, he asserted the petition shall not be construed as a PCRA petition, but rather a writ of *habeas corpus*. Appellant further argued he was not challenging his conviction or sentence, but instead was "seek[ing] to enforce the terms of his guilty plea or vacate it." **Commonwealth v. Martin**, 898 MDA 2019 (unpub. memo. at 2) (Pa. Super. Dec. 24, 2019). Appellant reasoned the application of SORNA

_____

before December 20, 2012, whose period of registration has not expired), 9799.55(b)(2)(A) (individuals convicted of IDSI shall be subject to lifetime registration).

[11] **See** 42 Pa.C.S. § 9799.55(a)(1)(i)(A) (individuals convicted of indecent assault, graded as a misdemeanor of the first degree or higher, and unlawful contact with minor shall be required to register for 10 years).

- 5 -

registration requirements on him "are contrary to his plea agreement and essentially constitute an illegal modification of that agreement and of his sentence." *Id.* at 5. The PCRA court dismissed the motion, and on appeal, this Court affirmed, concluding the motion was an untimely PCRA petition. *Id.* at 3, 5, 8.

On February 18, 2020, Appellant filed the underlying "Motion to Enforce Plea Agreement." He maintains that although SORNA had taken effect two months before his plea hearing, Megan's Law was in effect at the time of the offense, and his negotiated plea terms included an agreement that he would register under Megan's Law. Appellant's Motion to Enforce Plea Agreement, 2/18/20, at 4, 5. In support, Appellant contends: his sentencing forms referred to Megan's Law; the trial court failed to assign him to a "tier" as contemplated by SORNA; and two prior PCRA opinions by the trial court stated he "agreed" to comply with Megan's Law conditions. Appellant's Motion to Enforce Plea Agreement, 2/18/20, at 4-5, *citing* PCRA Ct. Op., 7/19/19, at 1 ("As part of his sentence, Appellant agreed to register with Pennsylvania State Police . . . for the rest of his life and comply with all other Megan's Law conditions."); PCRA Ct. Op., 11/13/17, at 1 (same). Appellant then reasons that Megan's Law III was ruled unconstitutional in ***Commonwealth v.***

***Neiman***, 84 A.3d 603 (Pa. 2013),[12] and thus cannot apply to him.  Appellant's

Motion to Enforce Plea Agreement, 2/18/20, at 5-7.  Appellant also claims

SORNA cannot apply to him, because it imposes additional obligations not

contemplated in his plea agreement.[13]  ***Id.*** at 7.

On March 6, 2020, the trial court issued a Pa.R.Crim.P. 907 notice of

intent to dismiss, explaining it found Appellant's motion was an untimely serial

PCRA petition.  Rule 907 Notice, 3/6/20, at 1, 3.  Appellant filed a response,

insisting the PCRA does not apply to his motion to enforce the plea agreement.

On March 23rd, the court dismissed the motion.  Appellant filed a timely *pro*

*se* appeal on April 6th, and complied with the court's order to file a statement

pursuant to Pa.R.A.P. 1925(b).

> Appellant raises two issues for our review:
>
> Did the lower court err when it transformed [A]ppellant's "Motion
> to enforce plea agreement" into a PCRA petition (42 Pa.C.S. 9541-
> 9546), in light of the court's directives in ***Commonwealth v.***
> ***Kerns***, 220 A.3d 607 [(Pa. Super.)] 2019?
>
> Can the court order [A]ppellant [to] be subject to the sexual
> offender registration conditions of "Megan's Law III" in light of

---

[12] "Megan's Law III was . . . struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. [***Neiman***, 84 A.3d at 616.]  However, by the time it was struck down, Megan's Law III had been replaced by SORNA." ***Dougherty***, 138 A.3d at 155 n.8.

[13] Appellant cites as examples "a 3 year probationary period, following the maximum sentence," 42 Pa.C.S. § 9718.5, and "public disclosure of identifying scars, marks, and tattoos, as well as his license plate number and description of vehicles, 42 Pa.C.S. § 9799.63(c)(1)(viii), (ix).

[***Neiman***, 84 A.3d. 603,] and ***Commonwealth v. Derhammer***, 173 A.3d 723 [(Pa.)] 2017?

Appellant's Brief at vi (unpaginated).[14]

We address Appellant's issues together, as they are related. Appellant avers the PCRA court erred, pursuant to ***Kerns***, 220 A.3d 607, in construing his "Motion to Enforce Plea Agreement" as a PCRA petition. Appellant contends his motion is not a PCRA petition because, unlike his previous PCRA petitions, he has abandoned "the claim relating to the invalidation of [his] plea agreement," and he presently seeks only to enforce his plea agreement. Appellant's Brief at 4. Appellant reiterates the claims in his motion — that he has established his plea agreement included Megan's Law III registration, but Megan's Law III has been ruled unconstitutional by ***Neiman***, 84 A.3d 603, and he cannot be compelled "to abide by the unconstitutional Megan's Law III." ***Id.*** at 4-5, 7. Appellant also alleges he should not be subjected to SORNA II requirements because they are more "onerous" than the terms of his plea agreement. ***Id.*** at 2. We conclude no relief is due.

In ***Kerns***, this Court stated:

> A petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. . . . 42 Pa.C.S.[ ] § 9542[.] The plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. . . .

---

[14] The first six pages of Appellant's brief, including the cover page, are not paginated. Appellant's "Questions to Be Answered" appears on the last of these six pages. The next page is numbered "1," and so forth.

On the other hand, a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance. . . .

Contract interpretation is a question of law, so "[o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." . . .

\* \* \*

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to — and seek enforcement of — terms that fall outside these areas.

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

\* \* \*

"[T]he convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement. Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term."

As in all contracts: "The laws in force at the time the parties enter into a contract are merged with the other obligations [which] are specifically set forth in the agreement." [**Commonwealth v. Nase**, 104 A.3d 528, 534 (Pa. Super. 2014)] (stating guilty plea to crime that is subject to existing sex-offender registration

requirements makes registration consequences unequivocally part of plea negotiations and arrangement). When sex-offender registration statutes are in force and applicable to the offense(s) at issue, sex-offender registration is an implied term of the plea bargain; and **this Court will not consider sex-offender registration as a breach of a plea agreement unless non-registration was made part of the plea deal.**

*Kerns*, 220 A.3d at 611-13 (emphasis added and some citations omitted).

Pursuant to *Kerns*, we agree with Appellant that the motion to enforce plea agreement was not subject to the PCRA. *See Kerns*, 220 A.3d at 611-12. We thus disagree with the trial court's conclusion that the motion was a PCRA petition and untimely pursuant to the PCRA's filing requirements. *See* Trial Ct. Op., 4/29/20, at 4. Instead, we hold the trial court had jurisdiction to consider the merits of his claims. However, we conclude no relief is due.

We first determine whether, with respect to sexual offender registration, "**non**-registration was made part of the plea deal." *See Kerns*, 220 A.3d at 613 (emphasis added). We easily conclude it was not.

First, we acknowledge, as Appellant emphasizes, that two of the trial court's prior PCRA opinions stated, "As part of his sentence, Appellant agreed to register with Pennsylvania State Police . . . for the rest of his life and comply with all other Megan's Law conditions." *See* PCRA Ct. Op., 7/19/19, at 1; PCRA Ct. Op., 11/13/17, at 1. Indeed, as Appellant points out, the trial court's most recent opinion states: "Pursuant to a negotiated plea agreement, Appellant received an aggregate sentence of eight to twenty years imprisonment, **he agreed to register with Pennsylvania State Police for**

**the rest of his life, and agreed to comply with all other Megan's Law conditions.**" *See* Appellant's Brief at 3; Trial Ct. Op., 4/29/20, at 1.  Even if these statements were correct — we discuss *infra* why they appear not— they would not support Appellant's reliance on *Kerns*.  *Kerns* provides that in order to show a subsequent sexual offender registration requirement breaches a plea agreement, the plea agreement must include a condition that the defendant **not** be required to register.  *See Kerns*, 220 A.3d at 613.  Appellant's own argument, however, is that his plea terms **did** require him to register, albeit pursuant to Megan's Law III.  Accordingly, Appellant's claim is meritless.

Furthermore, notwithstanding the trial court's statements to the contrary, we emphasize the written plea agreement made no reference to sexual offender registration.  *See* Plea Agreement.  Likewise, the oral recitation of the plea agreement at the plea hearing did not include any agreement as to registration:

> [COMMONWEALTH:] And I'll also recite our plea agreement and then give our plea agreement form to the Court.
>
> [Appellant] will plead guilty to the present offenses:  On Count Number 1[, indecent assault of a person less than 13 years], he will serve a sentence of 5 years' probation; on Count Number 2, he will serve 8 to 20 years for the IDSI offense; on Count Number 3[, corruption of minors], he will serve probation of 5 years; on Count Number 4[, unlawful contact with a minor], he will serve a concurrent 8 to 20 years.
>
> The Commonwealth waives the mandatory 10 to 20 years' sentence — that would be applied pursuant to Title 42 Section 9718 — in return for the agreement of 8 to 20 years.

Furthermore, we noted this on our plea agreement form, and I'll ask [Appellant to] sign this acknowledging there is a new charge against [Appellant] that was filed just two days ago, intimidation and terroristic threats involving witnesses in this case. The Commonwealth agrees that by this plea, the Commonwealth will not — that any sentence on that case would be concurrent with this case and that —

THE COURT: I'm not disposing of that?

[COMMONWEALTH:] You are not disposing of that case right now, but that would be concurrent with this and would not increase his maximum sentence. I've written that by hand on our plea agreement form, and [Appellant] has signed that noting that he is also in agreement with that.

There is no restitution in this matter, Judge. I'll present the plea agreement form to the Court.

\* \* \*

We hope that the Court will consider our agreement and consider accepting plea imposing sentence [sic] pursuant to the agreement.

*See* N.T., 2/13/13, at 3-4. Immediately after these remarks, the trial court summarized each count and its respective potential maximum sentence. *Id.* at 4-5. At no point did Appellant object or argue the plea terms also included any agreement as to sexual offender registration.

Instead, we note that **after** the court accepted the plea and imposed sentence, the court addressed Appellant's registration obligations:

I will accept this plea.

[The trial court announces the sentences for each count.]

The sentences are concurrent with each other. There is no restitution. **As a condition of the sentence**, [Appellant] is to

- 12 -

comply with the sex offender conditions, 1 through 20, as it appears on the sex offender probation and parole regulations, which have been signed by him.

Have him date those.

I have before me an explanation of Megan's Law rights, which have been signed by [Appellant].

N.T., 2/13/13, at 21-22. Reviewing these statements together, along with the written plea agreement, it appears the parties' agreement did not include any condition respecting sexual offender registration. Nevertheless, we may deny relief on the grounds set forth above — that Appellant has not shown his plea agreement provided that he would **not** be subject to registration.[15] *See* ***Kerns***, 220 A.3d at 613.

Accordingly, we affirm the trial court's order dismissing Appellant's motion to enforce the plea agreement.

Order affirmed.

President Judge Emeritus Bender joins this memorandum.

Judge Nichols concurs in the result.

---

[15] This Court may affirm on any basis. ***Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/22/2021</u>